## TOM CLARK v. THE STATE.

No. 1485. Decided April 20, 1898.

**1. Incest—Prosecutrix—Accomplice Testimony—Charge.**

Where an indictment contained three counts, two for rape and one for incest, and defendant was convicted of incest, and the conviction was based solely upon the testimony of the prosecutrix, whose consent to the carnal intercourse was manifest, it was error for the court to fail or omit to instruct the jury upon the law of accomplice testimony as to her evidence.

**2. Same—Uncorroborated Testimony of Prosecutrix.**

On a trial for incest, an isolated act of copulation testified to solely by the prosecutrix is insufficient to support a conviction; and in such case the statements of prosecutrix to another party, the day after the occurrence, as to the incestuous act, was not admissible to corroborate her.

**3. Same—Where Prosecutrix Is an Illegitimate Child of Defendant.**

The authorities hold that the crime of incest can be committed between illegitimate relatives within the prohibited degree.

**4. Same—Evidence as to Relationship.**

On a prosecution for incest, the evidence as to the relationship of the parties should be clear and unequivocal.

**5. Continuance.**

An application for continuance should be granted where the evidence of the absent witness is material and due diligence has been used to secure the attendance of said witness.

APPEAL from the District Court of Comal. Tried below before Hon. H. TEICHMULLER.

Appeal from a conviction for incest; penalty, seven years imprisonment in the penitentiary.

The following statement of the case, which is substantially correct, is taken from the brief of counsel for appellant, viz:

The appellant was, on the 25th day of January, 1898, indicted by the grand jury of Comal County, Texas, with what purported to be the crime of rape upon one Mattie Clark, said indictment containing three counts, the first being for rape of female under the age of 15 years; second, rape of a woman by force, threats, and fraud and without her consent; and the third count being a charge of incest; all of said counts relating to one act, of date December 12, 1897. The case was called to trial seven days after the indictment was found, and the defendant not being ready for trial by reason of the absence of material witnesses, applied for a continuance of his cause to the next term of court, which application being overruled by the trial court, he was forced to trial which resulted in a conviction of incest, and his punishment assessed at confinement in the State penitentiary for a term of seven years. The facts deduced on the trial are in substance as follows:

The prosecuting witness, Mattie Clark, testified that on the 12th of December, 1897, as alleged in the indictment, about half-past 12 o'clock at night, defendant used her as his wife against her consent; that he raped her; that her brother, aged 10 years, and two sisters, one younger and the other older, were in the house, and that her brother Harry was in the room, and there was one bed in the room, and that defendant threw her down on this bed and raped her. She was the only witness to testify to these facts, although Harry testified at the examining trial in December, 1897. She also testified that she was the daughter of defendant and was 14 years old. Joe Williams, a witness for the State, testified that she was the daughter of defendant, because defendant told him so some time before. Katie Clark, for the State, testified that she was a sister of Mattie, but did not know if defendant was her own father or not, but that her mother's name was Mattie Wade, and that defendant lived with Mattie Wade when she died. The testimony was undisputed that defendant was married to another woman, Lizzie Clark, more than twenty-five years ago; that defendant was divorced from his said wife nine or ten years ago, and that he lived with Mattie Wade, the mother of prosecuting witness, some months before he got the divorce, and was living with her when she died, about eight years ago, but there was no testimony whatever to show that defendant lived with said Mattie Wade, mother of prosecuting witness, some months before he got the divorce, and was living with her when she died, about eight years ago, but there was no testimony whatever to show that defendant lived with said Mattie Wade, mother of the prosecuting witness, at time of inception and birth of said witness, but on the contrary at that time lived with his lawful wife, who was not the mother of prosecutrix; that the defendant took charge of

her children after the death of Mattie Wade, their mother; that the two youngest children, to wit, Harry and Annie, were probably defendant's. It was also undisputed that the mother of prosecutrix had lived with other men and had children by other men than the defendant, and was not married to any of them. Three witnesses besides defendant testified that defendant was living with his wife, Lizzie Clark, during the inception and birth of prosecutrix, and that other men, or another man, was living with the mother of prosecutrix during the inception and birth of said witness. The testimony of Susie Clark, who was in the house the night of the alleged crime, was that she heard nothing, and that defendant whipped prosecutrix on Sunday morning for running around at night.

Defendant testified that he stayed with one Josephine Brown on the night of the alleged crime. Witness Ellen Burton testified that he did not stay there.

Defendant was arrested on a charge of rape about noon on Monday following Saturday night, the time of the alleged crime, and put under $150 bond, which he gave and came out and went to work on the streets, and was rearrested next day on a charge of incest.

The testimony of Mattie Clark, prosecutrix, is not corroborated, nor any proof whatever of penetration, or that defendant had carnal intercourse with her, other than is stated in her testimony.

The State abandoned the first count in the indictment, which alleged the age of prosecuting witness to be under 15 years, as the proof and her appearance showed conclusively that she was over 15 years old, and the jury did not find him guilty of rape by force, threats, or fraud, but convicted him of incest.

*Clark, Guinn & Guinn,* for appellant.

*W. W. Walling* and *Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of incest, and his punishment assessed at seven years confinement in the penitentiary; hence this appeal.

The indictment contained three counts,—the first for rape on a girl under 15 years of age; the second, rape committed on a woman by force; and the third, a count for incest, the same alleging that the party with whom the incest was committed was the daughter of the appellant. In submitting the case to the jury the court eliminated the first count, and instructed the jury on the second count (rape committed on a woman by force), and on the third count (incest). The jury acquitted appellant of the charge of rape, and found him guilty of incest on the last count.

Appellant contends that the court erred in failing to instruct the jury on accomplice testimony. So far as the act of carnal intercourse is concerned, the prosecutrix was the principal, if not the only, witness for the

State; and as to her paternity she was also the State's main witness. The jury acquitted appellant of rape, and therefore of the force necessary to constitute rape. They found that she had copulated with appellant, and that he was her father. They evidently found that such act of carnal intercourse was with her consent. Under this state of case, the court should have given a charge on accomplice testimony. See Watson v. State, 9 Texas Crim. App., 237; Freeman v. State, 11 Texas Crim. App., 92; Mercer v. State, 17 Texas Crim. App., 452; Stewart v. State, 35 Texas Crim. Rep., 174.

Appellant also insists that the testimony of the prosecutrix is not corroborated, and that consequently, the verdict can not be sustained. We believe he is correct in this contention. The proof showed, on the part of the State, an isolated act of copulation, testified to solely by the prosecutrix, and we fail to find in the record any corroboration of her testimony as to this matter. The fact that she may have told another witness of the occurrence on the next day, in the first place, was not legitimate testimony on a count for incest, and consequently it was not the testimony of another witness to some fact in the case tending to corroborate her, and to connect appellant with the commission of the offense for which he was convicted. Appellant could not have objected to the admission of her statements, because they were admissible under the count for rape, but inadmissible in support of her on the count for incest.

Appellant also insists that the proof is not sufficient to show that the prosecutrix was his daughter. There is testimony in the record tending to show that she was his illegitimate daughter. The authorities hold that the crime of incest can be committed between illegitimate relations within the prohibited degree. See 2 McClain Crim. Law, sec. 1120, and authorities cited in note. The proof here made, however, is by no means satisfactory. And we hold in such case that the evidence should be clear and unequivocal as to the fact of relationship.

We also believe that the court erred in overruling appellant's application for a continuance, under the peculiar facts of this case. It appears that the evidence of Josephine Brown is material, and that he used due diligence to procure her attendance. Her evidence was made the more necessary by the State introducing Ellen Burton as a witness. For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*