EL PUEBLO, DEMANDANTE Y APELADO, *v.* GIRAUD, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Humacao en causa sobre abandono de menores.

No. 920.—Resuelto en febrero 21, 1916.

ABANDONO DE MENORES—DEBERES PATERNALES—ALIMENTOS, VESTUARIO Y ASISTENCIA MÉDICA—OMISIÓN VOLUNTARIA—EXCUSA LEGAL.—En una acción criminal por abandono de menores, no basta demostrar que el acusado dejó de cumplir sus deberes de padre con relación a sus hijos, dejando de proporcionarles los recursos indispensables para su subsistencia, tales como alimento vestuario y asistencia médica, sino que es necesario probar además, de acuerdo con el artículo 263 del Código Penal, que esa omisión fué voluntaria y sin excusa legal.

INTENCIÓN CRIMINAL—VOLUNTAD—ACTO U OMISIÓN ILEGAL.—La palabra "*wilfully*" (voluntariamente) según el número 1°. del artículo 559 del Código

Penal, aplicada a la intención con que se ejecute un acto o se incurra en una omisión, implica simplemente propósito o voluntad de cometer el acto o incurrir en la omisión a que se refiere.

ID.—CIRCUNSTANCIAS DEL DELITO—PRESUNCIÓN.—De acuerdo con el apartado 2°. del artículo 12 del Código Penal, la intención se manifiesta por las circunstancias relacionadas con el delito, debiendo una intención presumirse maliciosa y criminal por la manera y deliberación con que se intente o cometa un acto ilegal con el propósito de perjudicar a otro.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Juan B. Huyke.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ emitió la opinión del tribunal.

Se trata de un recurso de apelación interpuesto por el acusado Manuel Giraud contra sentencia que en grado de apelación mediante celebración de nuevo juicio dictó la Corte de Distrito de Humacao en 8 de abril de 1915, por la que declara culpable al apelante del delito de abandono de menores y lo condena a la pena de doscientos dólares de multa y en defecto de pago a sufrir noventa días de cárcel y al pago de las costas.

La denuncia dice así:

"Yo, Eulogia Crispín, vecina de Vieques, P. R., formulo denuncia contra Manuel Giraud por un delito de abandono de menores cometido de la manera siguiente: Que en 4 de noviembre de 1914 hasta el mes de enero de 1915 y en este pueblo de Vieques, P. R., del distrito judicial municipal de Vieques, P. R., el susodicho acusado, voluntaria y maliciosamente y sin excusa legal para ello, dejó de proveer del indispensable alimento, vestuario, y protección a sus dos hijos, tenidos en su matrimonio con la declarante, nombrados Carmen y Juan, de dos años y ocho meses de edad respectivamente."

La denuncia fué jurada con fecha 3 de febrero de 1915.

La única cuestión levantada por el apelante en apoyo del recurso es la de que Manuel Giraud ha cumplido siempre con sus deberes de padre antes y después de la denuncia, habiendo sido jurada ésta cuando ya el denunciado, restablecido de su enfermedad, cumplía con tales deberes y había cesado, por tanto, el supuesto abandono, sin que se haya demostrado que tuviese el firme propósito de abandonar a

sus menores hijos, requisito indispensable para la existencia
del delito de abandono de que se trata.

La prueba suministrada por El Pueblo consiste en las de-
claraciones de la esposa y suegra del denunciado, o sea, de
Eulogia Crispín y Agueda Camacho.

Según Eulogia Crispín, su esposo Manuel Giraud pasó
tres meses sin suministrar alimentos a sus hijos Carmen y
Juan, de dos años y diez meses de edad respectivamente, ni
darles lo necesario para vestuario y medicinas; le escribió
una carta y él no contestó; aunque no están divorciados, viven
separados hará unos dos años, viviendo él en un barrio y
ella en el pueblo con sus hijos en la casa de su madre Agueda
Camacho; antes de la denuncia el esposo cumplía con sus
deberes, pasándole el semanal de $2, y también hizo lo propio
después de la denuncia, cuya cantidad era insuficiente para
el sostenimiento de sus hijos; supone que el marido, de oficio
carpintero, gana $12 semanales en la Central Arcadia donde
trabaja; ignora si el denunciado estuvo enfermo y si dejó de
ganar dinero: cuando fué a la corte no lo hizo con el propósito
de denunciar a su marido, sino para presentar una queja con-
tra él, con el fin de ver si el juez podía hacer que le pasara
alimentos, y entonces el juez le informó que tenía qué denun-
ciarlo para que él se presentara ante la corte; en noviembre,
cuando no le pasaba nada, trabajaba, y empezó a pasarle $2
semanales cuando ella lo denunció.

Agueda Camacho declara que Manuel Giraud dejó por tres
meses de pasar alimentos a sus hijos habidos en su matri-
monio con Eulogia Crispín, de la que estaba separado haría
tres años; la testigo dice ser una pobre miserable y su hija
Eulogia Crispín vive con ella en Vieques; supone que Giraud
ganaría algo durante el tiempo ya expresado, pues es un maes-
tro empleado; antes de los tres meses a que se ha referido
trabajaba Giraud con Don Mozo y después de la denuncia el
denunciado mandaba algo para sus hijos, $1 o $2, según sus
fuerzas.

Los testigos de descargo fueron Manuel Benítez y José Agustín Díaz Smaine.

Manuel Benítez dice que por el mes de noviembre, Giraud, maestro carpintero, se produjo una herida en la mano con una hachuela y estuvo como siete semanas impedido de trabajar, pasándole Don Mozo $2 semanales para su sostenimiento mientras estuvo enfermo; se causó la herida en la mano derecha, no recuerda si en el dedo grande, y se la vió el primer día, viéndole después el dedo empatado; ganaba a razón de doce y catorce reales por día; como una semana o dos antes de ser denunciado, fué que el testigo lo vió enfermo.

José Agustín Díaz Smaine declara que vive en Yabucoa y es agricultor, pero va a cada momento a Vieques por tener allí propiedad que atender; sabe que el acusado estuvo enfermo por el mes de noviembre con motivo de una herida que se produjo, a su parecer en la mano derecha, ignorando en qué dedo; no puede decir con seguridad cuánto duró la enfermedad, pero sabe que pasaron cuatro semanas porque habiéndose quejado el denunciado de que estaba enfermo, el padre del testigo llamó a Manuel Benítez y le ordenó que le pasará $2 semanales para comida, médico y medicinas, hasta que pudiera trabajar; trabajaba como carpintero y al principio ganaba $2 al día, pero después sólo se le pagaban 12 reales cuando trabajaba; cree el testigo que mientras Giraud estuvo enfermo no le mandaba nada a sus hijos, pues lo que se le pasaba le daba escasamente para comer.

Ante las pruebas de cargo y de descargo que en síntesis dejamos expuestas, opinamos que falta prueba del delito de que fué acusado el apelante Manuel Giraud, tal como lo define el artículo 263 del Código Penal, que dice así:

"Artículo 263.—Todo padre o madre de un niño que voluntariamente y sin excusa legal dejare de cumplir cualquiera de las obligaciones que la ley le impone de proveerlo del indispensable alimento, vestuario o asistencia médica, incurrirá en *misdemeanor.*"

Hay prueba de que el acusado Manuel Giraud dejó de cumplir sus deberes de padre con relación a sus hijos impúberes

Carmen y Juan, dejando de proporcionarles los recursos indispensables pára su subsistencia durante el término de unos tres meses, pero falta prueba de que aquella omisión fuera voluntaria y sin excusa legal, requisito tan indispensable como el primero para la existencia del delito de que se trata.

La palabra *"wilfully"* (voluntariamente), según el No. 1 del artículo 559 del código citado, aplicada a la intención con que se ejecute un acto o se incurra en una omisión, implica simplemente propósito o voluntad de cometer el acto o de incurrir en la omisión a que se refiere; y según el apartado 2°. del artículo 12, la intención se manifiesta por las circunstancias relacionadas con el delito, debiendo una intención presumirse maliciosa y criminal por la manera y deliberación con que se intente o cometa un acto ilegal con el propósito de perjudicar a otro.

No se ha suministrado prueba alguna tendente a demostrar que el acusado, voluntariamente y sin excusa legal, dejó de cumplir con sus hijos Carmen y Juan los deberes consiguientes, a su paternidad, y la presunción de que la falta de cumplimiento de esos deberes fué voluntaria y sin excusa legal, está en oposición con los testigos de descargo Manuel Benítez y José Agustín Díaz Smaine, no contradichos por las testigos de cargo Eulogia Crispín y Agueda Camacho, las cuales no niegan que Giraud estuviera enfermo durante el tiempo que dejó de suministrar alimentos a sus referidos hijos, expresando por el contrario Eulogia Crispín que ignora si estuvo enfermo y dejó de ganar dinero.

Respecto a la excusa de Giraud con relación a la falta de cumplimiento de sus deberes paternales, no hay conflicto de prueba que haya sido decidido por la corte inferior y a cuya decisión debamos someternos, pues sobre ese particular únicamente han declarado los testigos de descargo y nada han afirmado en contrario los de cargo.

Por las razones expuestas es de revocarse la sentencia

apelada, absolviendo al acusado Manuel Giraud, con las costas de oficio.

> *Revocada la sentencia apelada y absuelto*
> *el acusado.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.

El Juez Asociado Sr. del Toro no intervino en la resolución de este caso.