EL PUEBLO, DEMANDANTE Y APELADO, *v.* FERRÁN, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª., en causa por abandono de menores.

No. 1211.—Resuelto en abril 8, 1918.

ABANDONO DE MENORES—ACUSACIÓN.—Para que una acusación por abandono de menores impute la comisión del verdadero acto delictivo que castiga el artículo 263 del Código Penal, es necesario alegar que el acusado actuó sin excusa legal.

ID.—HIJOS LEGÍTIMOS—HIJOS BASTARDOS.—El estatuto que dispone el castigo de una persona que se descuidare en proveer las necesidades de un hijo del que él o ella es padre o madre, estando él o ella en condiciones de sostenerlo, es solamente de aplicación a los padres de hijos legítimos y no a los padres de hijos bastardos.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Sandalio Torres Monje.*

Abogados del apelado: *Sres. Salvador Mestre, Fiscal,* y *Luis Campillo, Fiscal del Distrito.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

La acusación en este caso, copiada en lo pertinente, dice así:

"El citado Francisco Ferrán en la jurisdicción del Distrito Judicial de San Juan, ilegal, voluntariamente dejó de pasar á sus hijos María Socorro y Elcilia de 3 años la primera, y de días la segunda, procreados con Josefina González, con la que llevó vida marital durante siete años, lo indispensable para su alimentación y vestuario."

El acusado fué juzgado y condenado a sufrir diez días de cárcel, como autor del delito de abandono de menores previsto y castigado en el artículo 263 del Código Penal. Dicho artículo es como sigue:

"Art. 263.—Todo padre o madre de un niño que voluntariamente y sin excusa legal, dejare de cumplir cualquiera de las obligaciones que la ley le impone, de proveerle del indispensable alimento, vestuario o asistencia médica, incurrirá en *misdemeanor.*

Basta comparar la ley con la acusación formulada, para concluir que en la acusación no se imputa al acusado la comisión del verdadero acto delictivo que la ley castiga, ya que en ella no se expresa que el acusado procediera sin excusa legal.

"En una acción criminal por abandono de menores," dijo esta Corte Suprema en el caso de *El Pueblo* v. *Giraud,* 23 D. P. R. 531, "no basta demostrar que el acusado dejó de cumplir sus deberes de padre con relación a sus hijos, dejando de proporcionarles los recursos indispensables para su subsistencia, tales como alimentos, vestuario y asistencia médica, sino que es necesario probar además, de acuerdo con el artículo 263 del Código Penal, que esa omisión fué voluntaria y sin excusa legal."

Además, según la acusación los hijos abandonados en este caso no eran legítimos, sino que fueron procreados por el acusado con Josefina González, con la que llevó vida marital durante siete años.   La ley habla de padre o madre simplemente y ya esta misma Corte Suprema dijo en *Díaz* v. *P. R. Ry. L. & P. Co.,* 21 D. P. R. 78, 83, que "Extender el significado de las palabras padre, madre e hijo, usadas en la ley, hasta comprender en ellas a los padres, a las madres y a los hijos naturales, sería realizar algo que sólo puede llevar a efecto la legislatura.   Y nosotros no podemos convertirnos en legisladores."

El caso de Díaz, *supra,* es de naturaleza civil, pero el principio es el mismo en causas criminales.   "Con arreglo a las expresas disposiciones de algunos estatutos," dice C. J., "el padre que ilegalmente rehusare a se descuidare en proveer a las necesidades de su hijo o hija bartardos puede ser castigado por ello  *  *  *.   Pero el estatuto que disponga el castigo de una persona que se descuidare en proveer las necesidades de un hijo, del que él o ella sea padre o ma-

dre, estando él o ella en condiciones de sostenerlo, es solamente de aplicación a los padres de hijos legítimos y no a los padres de hijos bastardos.'' 7 C. J. 957 y casos citados.

Las circunstancias de que nuestra ley civil impone a los padres la obligación de alimentar a sus hijos ilegítimos, parece digna de consideración. Sin embargo ya la cuestión fué resuelta por el Tribunal Supremo de California en el sentido de que las disposiciones de la ley civil sobre la materia en nada influye en la interpretación que debe darse al estatuto criminal. Tanto la ley civil como la criminal en California son similares, en este respecto, a las que rigen en Puerto Rico.

La jurisprudencia a que acabamos de referirnos, ha sido establecida en los siguientes términos:

''El artículo 270 del Código Penal, que tal como fué originalmente promulgado calificaba de delito grave el que un padre voluntariamente dejase de proporcionar el sustento a un hijo menor, no tiene aplicación al padre de hijos ilegítimos, y el artículo 196a del Código Civil, promulgado en 1913, que impone a un padre el deber de dar el sustento a sus hijos ilegítimos, no ha modificado en manera alguna la aplicación del artículo 270 del Código Penal.'' *In re* Luigi Gambetta, 169 Cal. 100.

Por virtud de todo lo expuesto debe revocarse la sentencia apelada y absolverse al acusado.

> *Revocada la sentencia apelada y absuelto el acusado.*

Juez concurrente: Sr. Asociado Wolf.

El Juez Asociado Sr. Hutchison firmó ''conforme con la sentencia.''

El Juez Presidente Sr. Hernández y el Asociado Sr. Aldrey no intervinieron.