El Pueblo, Demandante y Apelante, *v.* González, Acusado y Apelado.

Apelación procedente de la Corte de Distrito de Ponce en causa por delito de incesto.

No. 1265.—Resuelto en junio 20, 1918.

Incesto—Acusación Suficiente.—Una acusación en que se alega que el acusado tuvo comercio carnal con su hija natural no reconocida, le imputa la comisión del delito que define y castiga el artículo 275 del Código Penal.

Concúbito entre Padre e Hija.—De acuerdo con nuestras leyes, un hombre que realiza concúbito con su hija, sea o no reconocida, es culpable de incesto.

Incesto — Investigación de la Paternidad. — La regla generalmente admitida de que la paternidad de un niño no puede ser investigada, es decir, que no se puede acudir a las cortes para establecer una relación civil entre padre e hijo, es, fundamentalmente, más bien una regla de propiedad, que otra cosa. En derecho penal el caso es diferente; y el artículo 275 de nuestro Código Penal va encaminado a impedir el concúbito entre personas que se hallen dentro de los grados de consanguinidad en que el matrimonio está prohibido.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Salvador Mestre, Fiscal.*

Abogado del apelado: *Sr. R. Martínez Nadal.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Miguel González fué acusado del delito de incesto por tener comercio carnal con su hija natural no reconocida Eloísa López, conocida por González. La corte sostuvo una excepción previa a la acusación, y el Gobierno apeló.

El examen que hemos hecho de las autoridades nos convence de que la regla en los Estados Unidos es que un padre puede ser convicto de incesto por tener comercio carnal con una hija natural, siempre que el estatuto esté redactado en forma análoga al nuestro, que dice así:

"Las personas que hallándose dentro de los grados de consanguinidad en que los matrimonios son declarados nulos por la ley, se casaren o cometieren concúbito o adulterio entre sí, incurrirán en pena de presidio por un término máximo de diez años." (Art. 275, Código Penal.)

Este artículo tiene una nota que no aparece que haya sido tomada de nuèstro Código Civil o del de España, que dice:

"Matrimonios incestuosos.—Los matrimonios entre padres e hijos, ascendientes y descendientes en todos los grados, entre hermanos de padre y madre y medio hermanos, y entre tíos y sobrinas o tías y sobrinos, son incestuosos y nulos desde su origen, ya fuere legítimo o ilegítimo el parentesco."

El artículo 132 del Código Civil dice:

"Tampoco podrán contraerlo entre sí:

"1. Los ascendientes y descendientes por consanguinidad o afinidad.

"2. Los colaterales por consanguinidad hasta el cuarto grado.

"3. El padre o madre adoptante y el adoptado; éste y el cónyuge viudo de aquellos; y aquéllos y el cónyuge viudo de éste.

"4. Los descendientes legítimos del adoptante con el adoptado, mientras subsista la adopción.

"5. Los adúlteros que hubiesen sido declarados así por sentencia firme hasta cinco años después de dicha sentencia.

"6. Los que hubiesen sido condenados como responsables de la muerte de uno de los cónyuges."

Este artículo tal como está redactado no incluiría el caso de un hijo natural reconocido a menos que la palabra "descendientes" incluyera tal caso, y nadie en este país dudaría que un hombre no puede contraer matrimonio con su hija natural reconocida, y por tanto que sería culpable de incesto por tener concúbito con ella.

La corte inferior basó en parte su desición en el fundamento de que la relación filial en un caso de esta naturaleza debe quedar demostrada fuera de toda discusión, y que como la acusación alegaba que la hija no había sido reconocida no existía por tanto relación legal entre las partes. En otras palabras, que la ley exige en esta clase de casos que exista alguna relación legal. Esta teoría de la corte está fundada en la regla que generalmente prevalece de que la

paternidad de un niño no puede ser investigada. Entendemos que esta regla quiere decir que no se puede acudir a las cortes para establecer una relación civil entre padre e hijo, probablemente para proteger los derechos de propiedad y por razón de los grandes inconvenientes que se causarían a la sociedad si los pleitos de esta clase pudieran ser incoados indistintamente. Fundamentalmente es más bien una regla de propiedad que otra cosa. Pero la sanción del derecho penal es muy diferente y este artículo del Código va encaminado a impedir el concúbito entre dos personas que se hallen dentro de los grados ·de consanguinidad en que el matrimonio está prohibido. No teniendo duda de que un matrimonio entre estas dos personas podría ser declarado ilegal, tampoco la tenemos de que la acusación establece un delito. Los siguientes son casos de los Estados Unidos que sostienen la conclusión a que hemos llegado; *People* v. *Lake,* 110 N. Y. 61; *Cecil* v. *Commonwealth,* 131 S. W. 782; *Clark* v. *State,* 45 S. W. 576; *Wadkins* v. *State,* 124 S. W. 959; *Lipham* v. *State,* 53 S. E. 817; 14 R. C. L. 33.

No desconocemos las decisiones de esta corte en materias civiles declarativas de que la palabra ''hijos'' generalmente significa *hijos legítimos,* pero aquí se trata del concúbito habido entre dos personas que no tienen derecho a contraer matrimonio. No podemos convenir con el apelado en que si llegase a casarse con su ilegítima hija su matrimonio sería válido o de algún modo favorecido por nuestras leyes.

Puede ser que las cortes estén en el deber de examinar la prueba en causas de esta índole con gran cuidado, puesto que quizás podría intentarse la comisión de fraudes o chantages. Ninguna persona debe ser convicta bajo una imputación de esta ʼclase a menos que las manifestaciones de la supuesta madre queden bien corroboradas. Hemos dicho frecuentemente que en casos de filiación la prueba debe ser vigorosa, y la prueba en casos de esta índole debe ser más ʼvigorosa aún. Esto equivale a decir que un acusado tiene

derecho a que se den al jurado instrucciones cuidadosas en cuanto a la duda razonable.

Es de revocarse la sentencia recurrida.

*Revocada la sentencia recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.