Sucesión Torres Negrón, Demandantes y Apelantes, *v.* Torres et al., Demandados y Apelados.

Apelación procedente de la Corte de Distrito de Ponce en pleito sobre acción reivindicatoria.

No. 2283.—Resuelto en julio 26, 1921.

Heredero — Prueba del Carácter de Heredero en Pleitos Contenciosos. — Cuando el demandante funda su causa de acción en su carácter de heredero para acreditar tal carácter en el juicio no es requisito necesario la presentación de una previa declaratoria de heredero.

Reivindicación—Nulidad del Título del Demandado.—Cuando la acción reivindicatoria que se ejercita no está subordinada a la previa declaración de nulidad del título del demandado como sucede en el presente caso en que el demandante era dueño con título inscrito y el título del demandado fué obtenido en una venta por contribuciones que era claramente nula, el demandante no está obligado, para poder reivindicar, a pedir la previa declaración de nulidad del título del demandado.

ID.—ARTÍCULO 34 DE LA LEY HIPOTECARIA—TERCERO—TÍTULO ANTERIOR INS-
CRITO.—Cuando el título alegado por los verdaderos dueños estaba ya ins-
crito cuando inscribió el suyo un tercero, éste no podría invocar en su favor
el artículo 34 de la Ley Hipotecaria.

Los hechos están expresados en la opinión.

Abogado de la parte apelante: *Sr. E. Flores Colón.*

Abogado de los apelados: *Sr. F. Parra Capó.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

La opinión de la corte expresa en efecto que la demanda
se dirigió contra un número de demandados de los cuales
todos estaban en rebeldía excepto la Santa Isabel Sugar
Company; que hubo un juicio en el cual fué admitida la
identidad de la finca que se pretendía reivindicar; que no
se presentó evidencia alguna respecto a los frutos o produc-
tos y la corte encontró que los demandantes dejaron de pro-
bar que eran ellos los únicos y universales herederos de Bal-
bina Torres y Negrón. Ella era la dueña reconocida de la
finca objeto de este pleito. La corte continuó diciendo que
si bien los demandantes presentaron varias certificaciones del
registro civil, no probaron todos los extremos necesarios para
establecer una declaratoria de herederos. Asimismo declaró
probado la corte que no procedía la acción reivindicatoria sin
establecerse previamente la de nulidad de títulos. La de-
mandada alegaba su derecho por virtud de una serie de com-
praventas cuyo primer eslabón fué una escritura de venta
que surgió de una falta de pago de contribuciones. Los ape-
lados no comparecieron ante esta corte y no presentaron
alegato.

Ahora bien, aunque convenimos con la corte inferior en
que los demandantes no cumplieron con los requisitos de una
declaratoria de herederos, varias veces hemos dicho que en
pleitos contenciosos no es necesario tal cumplimiento. *Mo-
rales* v. *Landrau,* 15 D. P. R. 782; *Soriano* v. *Rexach,* 23
D. P. R. 573. Es suficiente con que los demandantes prue-
ben que son ellos los herederos, pues cualquiera que reclame

por virtud de un testamento podría alegarlo en el juicio. *Prima facie* los herederos suceden al difunto por el hecho solo de su muerte en todos los derechos y obligaciones. Código Civil, artículo 669.

En este caso, sin embargo, un examen de los autos revela que sólo tres hijos probaron claramente que ellos eran herederos, pero estos tres por sí tenían ciertos derechos y tal vez podría hasta considerárseles que representan la sucesión. La prueba no muestra claramente quiénes eran los herederos, o que las personas designadas en la demanda eran todos los herederos.

También convenimos con los apelantes en que no estaban ellos obligados a pedir la cancelación del alegado título que quedaba al demandado. Ellos probaron un título inscrito en su causante. El título original alegado era una venta por contribuciones. El comprador obtuvo después un expediente de dominio. Balbina Torres había fallecido a la fecha de la alegada venta por contribuciones y ninguna notificación de los procedimientos, de los cuales la escritura de venta por falta de pago de las contribuciones, o el título de dominio surgió, ni siquiera se hizo a los herederos de ella. Por tanto el título por falta de pago de las contribuciones era enteramente nulo y el derecho de los demandantes en manera alguna dependía de la cancelación o nulidad de dicho título por contribuciones. Artículo 342 del Código Político; *Agostino* v. *Philippi,* 16 D. P. R. 663; *Oliver* v. *Oliver,* 23 D. P. R. 181.

Dicen también los apelantes que los demandados no pueden fundarse en la defensa de ser terceros porque esa defensa no fué alegada. Asimismo, puesto que el título de los demandantes había sido inscrito previamente el artículo 34 de la Ley Hipotecaria no favorecería a la demandada. Convenimos con los apelantes en ambas proposiciones.

Siendo de opinión de que por lo menos tres de los hijos ofrecieron prueba tendente a demostrar que eran ellos herederos

forzosos de Balbina Torres la sentencia debe revocarse y el caso devolverse para que se presente prueba supletoria en cuanto a los otros herederos, y demás procedimientos que no sean incompatibles con esta opinión.

*Revocada la sentencia apelada y devuelto el caso para ulteriores procedimientos.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.