BAUTISTA ECHEVARRÍA Y LARRATEGUI, demandante y apelado, *v.* MARÍA BRÍGIDA TORRES, JUAN PÉREZ TORRES y MARÍA, CARMEN, LEOCADIO y LUISA PÉREZ LÓPEZ, demandados y apelantes.

No. 4036.—*Visto:* Noviembre 4, 1926. *Resuelto:* Febrero 11, 1927.

1. DESAHUCIO—DESAHUCIO EN PRECARIO—EVIDENCIA—PRUEBA DEL CARÁCTER DE HEREDERO.—En pleito de desahucio, como en todo pleito, puede probarse la cualidad de herederos sin necesidad de acudir a la Ley de Procedimientos, Legales Especiales, si bien esa justificación sólo tiene alcance y eficacia en relación a las partes en el pleito concreto de que se trata.

2. DESAHUCIO—DESAHUCIO EN PRECARIO—PROCEDENCIA DEL MISMO—CONFLICTO DE TÍTULOS—TÍTULO APARENTE AL INMUEBLE POR PARTE DEL DEMANDADO.—En acción de desahucio, cuando el título del demandante procede de la persona de quien los demandados son herederos, y éstos no fueron citados personalmente en el pleito en que aquél compró el inmueble objeto·del desahucio, teniendo dichos demandados un título aparente a dicho inmueble, existe un conflicto de títulos que no puede ser resuelto dentro de dicha acción.

SENTENCIA de *Luis Samalea Iglesias*, J. (Arecibo), declarando con
lugar la demanda, con costas. *Revocada,* declarándose sin lugar
la demanda.

*Luis Mercader*, abogado del apelante; *Largé & Acevedo*, abogados
de la apelada.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tri-
bunal.

Bautista Echevarría demandó en juicio de desahucio por
precario a María Brígida Torres, a Juan Pérez Torres y a
María, Carmen, Leocadio y Luisa Pérez López, alegando
ser dueño de cierta finca que describió y que dichas perso-
nas están ocupándola precariamente, sin pagar canon o mer-
ced, por lo que pidió sentencia que los condenase a desalo-
jarla.  Se opusieron los demandados negando todos los he-
chos de la demanda y alegando como defensa que son due-
ños de la finca en pleno dominio y posesión por haberla he-
redado de María Lorenza Vélez, que falleció en 1903 siendo
dueña de ella.  Celebrado el juicio fué declarada con lugar
la demanda y se interpuso esta apelación por los demandados.

Resulta de las pruebas que María Lorenza Vélez, dueña
de esa finca y a cuyo favor estaba inscrita en el Registro
de la Propiedad, reconoció deber en el año 1900 a Lecaroz
y Compañía la cantidad de $470, cuyo pago les garantizó
con hipoteca sobre esa finca: que la deudora falleció en el
año 1903, según fué acreditado con certificación del registro
civil: que veinte años después los liquidadores de dicha
mercantil presentaron demanda en la Corte Municipal de
Lares en cobro de $450 de esa deuda, dirigiendo su acción
contra los herederos desconocidos de María Lorenza Vélez,
bajo los nombres supuestos de John Doe y Richard Doe, y
que para cumplir la sentencia condenatoria que se dictó fué
vendida la finca en pública subasta y adjudicada a Bautista
Echevarría, a quien se otorgó escritura de venta en nom-
bre de la sucesión desconocida y cuyo título fué inscrito en
el registro de la propiedad en 19 de enero de 1926, algunos

meses antes de ser presentada la demanda de desahucio que motiva esta apelación.

[1] También resulta por declaraciones testificales que al morir María Lorenza Vélez dejó ocho hijos de los cuales vive en la actualidad la demandada María Brígida Tórres, de quien es hijo el demandado Juan Pérez Tórres, y que los otros cuatro demandados apellidados Pérez López son nietos de María Lorenza Vélez, pero la corte inferior no dió valor a esa prueba para acreditar el carácter de herederos que ellos alegan tener de María Lorenza Vélez por entender que tenían que presentar para tal fin el testamento de ella o la declaratoria judicial a favor de sus herederos. Sin embargo, en el caso de *Morales* v. *Landrau,* 15 D.P.R. 783, ratificado después en otros que luego citaremos, declaró este tribunal que en los pleitos se puede probar la cualidad de herederos sin necesidad de acudir a la Ley de Procedimientos Legales Especiales, si bien esa justificación sólo puede tener alcance y eficacia en relación a las partes en el caso concreto de que se trate, pues para fines generales o cuando se trate de obtener declaratoria de herederos debe acudirse a la Ley de Procedimientos Legales Especiales. Véase también *Soriano* v. *Rexach,* 23 D.P.R. 573; *Sucesión Rodríguez* v. *Pérez, y Casanovas & Ca.* v. *Ramírez,* 25 D. P. R. 82 y 627; *Méndez* v. *Martínez,* 26 D.P.R. 100; *Sucesión Tórres Negrón* v. *Tórres,* 29 D.P.R. 909, y *Ex-parte Boerman* v. *Marrero,* 34 D.P.R. 126. Por consiguiente, apreciando esa prueba hay que llegar a la conclusión de que los demandados probaron ser hijos y nietos de María Lorenza Vélez y por tanto que son sus herederos, ya directamente o por sus padres.

[2] Como el título del demandante procede de María Lorenza Vélez; como los demandados son los herederos de esa señora: como han vivido siempre en la finca en tal carácter: y como no fueron citados personalmente en el juicio en que el demandante compró dicha finca, pues, como

hemos dicho, el pleito se siguió contra la sucesión descono-
cida de María Lorenza Vélez, entendemos que teniendo los
demandados un título aparente a ese inmueble existe un
conflicto de títulos, pues la cuestión de si el título de los de-
mandados ha quedado destruído por el juicio y sentencia
mencionados y ha pasado al demandante es cuestión que no
puede ser resuelta en un procedimiento como el de desahu-
cio. Los casos de *Delgado* v. *Pimentel,* 20 D.P.R. 557, y de
*León* v. *Alvarado,* 24 D.P.R. 700, citados por la corte infe-
rior y por el apelado para sostener que el título de los de-
mandados pasó al demandante y que por esto procede el
desahucio no son aplicables al caso presente, pues en aqué-
llos los demandados habían sido vencidos en el juicio que
traspasó el título a los demandantes, lo que no ocurre en el
caso presente.

*Por lo expuesto la sentencia apelada debe ser revocada
y dictarse otra declarando sin lugar la demanda sin especial
condena de costas.*

El Juez Asociado Señor Hutchison no intervino.