El Pueblo de Puerto Rico, demandante y apelado, *v.*
Cleofe Mercado, acusado y apelante.

Núm. 12787.—*Sometido:* Noviembre 3, 1947. *Resuelto:* Marzo 2, 1948.

*Ramón G. Goyco,* abogado del apelante; *Hon. Procurador General
Luis Negrón Fernández y J. Rivera Barreras, Fiscal del Tribunal
Supremo,* abogados de El Pueblo, apelado.

El Juez Presidente Señor Travieso emitió la opinión del
tribunal.

Cleofe Mercado fué acusado por un delito de abandono
de menores, convicto del delito imputado y sentenciado a
sufrir tres meses de cárcel, quedando en suspenso dicha
sentencia mientras el acusado pase a sus menores hijos la
suma de $5 semanales. De esta sentencia apela el acusado
alegando que la corte inferior cometió dos errores, los que
a continuación discutiremos.

Como primer señalamiento alega el acusado ape-
lante que la denuncia no imputa delito público porque no
alega que el acusado actuara sin "excusa legal". Arguye,
que para que una acusación por abandono de menores im-
pute la comisión del verdadero acto delictivo que castiga

el artículo 263 del Código Penal, es necesario alegar que el acusado actuó "sin excusa legal". En apoyo de dicha contención cita los casos de *Pueblo* v. *Ferrán,* 26 D.P.R. 263, y *Pueblo* v. *Giraud,* 23 D.P.R. 531.

Es cierto que la doctrina establecida por ambos casos citados por el apelante, es al efecto de que debe alegarse y probarse que el acusado actuó sin "excusa legal". Pero después de un detenido y cuidadoso estudio de dicha doctrina, opinamos que no debe requerirse al fiscal probar un hecho, a saber, que el acusado actuara sin "excusa legal" el cual por su naturaleza debe considerarse como materia de defensa. La denuncia en este caso alega que el acusado "ilegal, voluntaria y maliciosamente, ha dejado de proveerle de alimentos, medicinas, ropa, etc. a sus hijos legítimos y menores de edad." En la alegación de que el acusado actuó "ilegal, voluntaria y maliciosamente" va implícita la de que actuó "sin excusa legal". La presencia de la malicia y de la voluntad en el incumplimiento de la obligación de alimentar a los hijos menores de edad, excluye la posibilidad de que el acusado actuara bajo una excusa legal para dejar de cumplirla. Resolvemos, por lo tanto, que la denuncia en la forma en que fué redactada en este caso es suficiente para imputar al acusado la comisión del acto delictivo que se le imputa. Los casos de *Pueblo* v. *Ferrán* y *Pueblo* v. *Giraud,* supra, quedan por el presente expresamente revocados.

■ En su segundo y último señalamiento, el acusado apelante alega que la corte inferior cometió error en la apreciación de la prueba. La prueba aportada en este caso en síntesis puede resumirse así: La ofrecida por El Pueblo, consistente en la declaración de Herminia Martínez, madre de los menores, tendió a demostrar que el acusado es dueño de un puesto de guineos que le produce ciertas ganancias semanales; que además tiene una finquita en Villalba de seis cuerdas, que también le produce beneficios; y que otros hijos que tiene le ayudan con dinero. La prueba de

la defensa, consistente en las declaraciones del propio acusado y las del Dr. Max Sánchez, tendió a demostrar que el acusado solamente recibe como beneficio semanal del puestecito de guineos que él opera, la cantidad de $2; que de la finca que tiene en Villalba solamente recibe un racimo de guineos y alguna que otra verdura esporádicamente; que no está en condiciones de poder pasarle a sus hijos la cantidad de $5 semanales porque sus ingresos son muy pocos; que está enfermo desde hace varios meses sufriendo de presión arterial, lo cual no le permite trabajar, según testimonio del Dr. Sánchez. El acusado acepta el hecho de la paternidad.

La corte inferior, dirimiendo el conflicto existente en la prueba, dió entero crédito a aquélla ofrecida por El Pueblo al efecto de que el acusado apelante tenía suficientes ingresos para pasarle a sus hijos la cantidad de $5 semanales.

Siendo la evidencia aquí aportada suficiente para sostener dicha conclusión, ésta no será alterada.

*La sentencia será confirmada.*

El Juez Asociado Sr. Todd, Jr., disintió.