NICORELLI, DEMANDANTE Y APELADO, *v.* ERNESTO LÓPEZ & COMPAÑÍA, DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Guayama en pleito sobre cobro de dinero.

No. 1689.—Resuelto en diciembre 21, 1917.

DEMANDA DEFECTUOSA—DEFICIENCIAS SUPLIDAS POR LA CONTESTACIÓN Y LA PRUEBA—CUESTIÓN ACADÉMICA.—Resulta de interés meramente académico el resolver en grado de apelación si una demanda es o no deficiente, cuando las deficiencias alegadas por el demandado fueron suplidas por él mismo por medio de su contestación y de su prueba.

CONTRATOS ESCRITOS—PRUEBA ORAL PARA CONTRADECIRLOS.—No puede admitirse prueba oral para contradecir, variar, añadir o quitar de los términos de un documento válido. Esta regla no es aplicable cuando la controversia es entre una de las partes del contrato y otra persona que no es parte ni copartícipe en el mismo.

COBRO DE PESOS—PLAZO PARA EL PAGO DE LA DEUDA—FALTA DE FIJACIÓN—ACCIÓN PREVIA PARA ESTABLECERLO.—Cuando en una acción para el cobro de una deuda reconocida en documento público, la corte por virtud del resultado de las pruebas llega a la conclusión de que se intentó fijar un plazo para el pago y no se fijó, puede señalar el que estime justo conforme al artículo 1095 del Código Civil, sin que sea necesario el ejercicio de una acción previa limitada a la fijación del plazo.

Los hechos están expresados en la opinión.

Abogado del apelante: Sr. C. Domínguez Rubio.

Abogado de la apelada: Sr. Manuel A. Martínez Dávila.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El demandante inició este pleito para cobrar de la sociedad demandada la suma de dos mil quinientos pesos. Nò hay duda alguna con respecto a la existencia de la deuda. La duda surge con respecto a cuándo y cómo debe satisfacerse. La corte de distrito resolvió el conflicto fijando el plazo de sesenta días contados a partir de aquel en que quedara firme su sentencia. No conforme la parte demandada, apeló y en su alegato señala la comisión de cuatro errores, dos que se refieren a cuestiones previas resueltas por la corte de distrito, uno a la práctica de la prueba, y el último a la verdadera cuestión fundamental envuelta en el recurso.

Al ser emplazada, la demandada alegó que la demanda no aducía hechos suficientes para determinar una causa de acción y presentó cierta moción de eliminación. La corte resolvió ambas cuestiones en contra de la demandada. Esta insiste en que la corte erró al proceder de tal modo.

Si se examina aisladamente la demanda, quizás tendríamos que dar la razón a la apelante, pero es lo cierto que ésta, como veremos luego, suplió con su contestación y con su propia prueba las deficiencias de la demanda, (*González v. Virella,* 24 D. P. R. 401, 405), y en tal virtud considerar ahora los interesantes razonamientos expuestos en su alegato, sería estudiar y resolver una cuestión puramente académica.

En la demanda se alegó, en resumen, que la sociedad demandada debía al demandante la suma de dos mil quinientos pesos; que la deuda estaba vencida, era líquida y exigible y no había sido satisfecha ni en todo ni en parte, y que las gestiones para su cobro habían resultado infructuosas. La demandada aceptó el hecho relativo a la capacidad de las partes y negó los otros en la forma en que estaban redactados, exigiendo prueba de su contenido. La demandada además en unas llamadas defensas especiales alegó que el 27 de octubre de 1915 Ernesto López y Cecilio Torres por escritura pública constituyeron una sociedad para explotar una farmacia, consignándose en dicho documento que

adeudaban dos mil quinientos pesos pero sin decir a quién, ni cómo, ni cuándo debían pagarse; que en la hipótesis de que dicha suma fuera realmente debida al demandante, éste no podía reclamarla porque desde julio de 1911 había vendido a otra persona el mobiliario, potería y enseres de la expresada farmacia, y que en la misma hipótesis, tampoco podía el demandante reclamar la deuda porque había demandado previamente al socio de la demandada Ernesto López, y le había embargado sus derechos y acciones en la farmacia.

Llamado el caso para la vista, ambas partes presentaron sus pruebas, consistiendo la del demandante en un documento y dos testigos, uno de ellos el propio demandante, y la de la demandada en dos testigos, que lo fueron sus socios los dichos Ernesto López y Cecilio Torres.

El documento presentado por la demandante como prueba fué la escritura de 27 de octubre de 1915 mencionada en la demanda y en la contestación, o sea el documento por virtud del cual López y Torres constituyeron una sociedad regular colectiva bajo la razón de Ernesto López y Cía. para dedicarse a la explotación del negocio de farmacia y en el que se hizo constar que el socio López era dueño de un establecimiento conocido por "Farmacia Nicorelli" cuyas existencias valían tres mil seiscientos pesos de los cúales debía dos mil quinientos. También consta en dicho documento lo que sigue: "La sociedad Ernesto López y Compañía se hace cargo de los dos mil quinientos dollars adeudados por la Farmacia Nicorelli como antes se ha hecho mención."

Los testigos fueron el propio demandante y Domingo Girormini. El demandante declaró que la suma de $2,500 a que se refería la escritura se le debía a él; que él fué el dueño de la Farmacia Nicorelli; que la vendió en $4,000 a Ernesto Puig sin que éste le pagara nada; que Puig la vendió también en $4,000 a Ernesto López y recibió de López pagarés por igual suma; que López se asoció a Torres Reyes y entonces "convinieron con el declarante que la so-

ciedad le pagaría $2,500 en todo el mes de noviembre del año 1915 en que el Sr. Reyes vendería una finca que tenía en Yabucoa y que los $1,500 restantes se los pagaría al testigo el Sr. López Orengo; que requirió a la sociedad para que le pagara dicha suma y se negó a ello y que no le han pagado ni parte ni el todo de dicha suma.'' Y Girormini depuso que Nicorelli le comisionó para avistarse con los demandados para que pagasen la suma de $2,500 dollars; y que fué a la botica y llamó al Sr. López quien por estar ocupado mandó a buscar a Torres; que éste vino y le habló del objeto de su visita no pudiendo conseguir nada; que le dijo que no había podido vender la finca de Yabucoa y no tenía dinero, que lo demandaran. Que cuando llegó Torres él le dijo a lo que venía y Torres le dijo que no podían pagarle los 2,500 pesos a Nicorelli, pues no estaban vencidos; que mandara los recibos de 60 dollars mensuales.''

Cuando Nicorelli dijo en su declaración que la deuda consignada en la escritura se le debía a él, el abogado de la parte demandada se opuso por entender que se ''trata de aclarar una falta en el documento por una persona que no es parte en el mismo, y antes de que eso pueda hacerse, han de cumplirse varios requisitos legales. Jones on Evidence, Párrafos 434–437.''

En efecto en el párrafo 434 de *The Blue Book of Evidence*, tomo 3, página 145, se dice:

''La regla en su forma más breve es que no puede admitirse prueba oral para contradecir, variar, añadir o quitar de los términos de un documento válido.''

Pero también se dice al final de dicho párrafo, pág. 135, del citado tomo 3, lo que sigue:

''La regla sobre prueba oral está, sin embargo, limitada a las partes en el contrato o sus copartícipes. Cuando la controversia es entre una de las partes del contrato escrito y otra persona que ni es parte ni copartícipe en el mismo no es aplicable la regla excluyendo prueba oral que tienda a variar, modificar o contradecir el escrito.''

Además, ya hemos visto que al consignar los fundamentos de su excepción expresó la parte demandada que antes de que el testigo pudiera declarar habían de "cumplirse varios requisitos legales" sin mencionar cuales eran. En su alegato dice que hubiera sido necesario establecer en la demanda algún error o imperfección del escrito puesto en controversia y cita el artículo 25 de la Ley de Evidencia. Ese artículo condensa de modo admirable la doctrina expuesta por Jones y se refiere a las partes, sus representantes o sucesores en interés. Pero hay más, el requisito previo que exige la demandada, lo aportó ella misma en su contestación al alegar que en la escritura de referencia se reconocía una deuda de 2,500 dollars pero no se expresaba el nombre del deudor, ni cómo ni cuándo debía pagarse, y al exponer varios hechos en la hipótesis de que el demandante fuera el acreedor.

Hemos discutido la cuestión en el terreno que la planteó la parte apelante, pero en verdad creemos que el principio de evidencia por ella invocado no tiene aplicación, porque por virtud de la declaración del demandante no se trató de "contradecir, variar, añadir o quitar de los términos del documento" de que se trata. La declaración y el documento eran independientes, habiéndose presentado el último como prueba de la admisión por parte de la sociedad demandada de la existencia de una deuda de dos mil quinientos pesos.

La prueba de la demandada, según dijimos, se limitó a las declaraciones de sus socios Ernesto López y Cecilio Torres, quienes coinciden con Nicorelli en el origen de la deuda pero difieren de él en que aseguran que se convino el pago a razón de sesenta pesos mensuales.

Véamos la opinión de la corte con respecto a la prueba. Es así:

"Si examinamos esta prueba en conjunto, sólo podremos llegar a la conclusión, de que tanto la de una como la de otra parte no se ha ajustado a la verdad. La del demandante trata de demostrar que la cantidad de $4,000 se dividió en dos partes, obligándose la socie-

dad a pagar $2,500 en el mes de noviembre, y el demandado López Orengo particularmente los $1,500 restantes. Que la farmacia estaba en malas condiciones es un hecho evidente, toda vez que no solamente el comprador del demandante no había podido efectuar ningún abono a los $4,000, sino que, por el contrario, fué embargada por la Porto Rico Drug Company por $1,000, de cuyo embargo la libró la intervención del demandado Reyes. Aparece de la prueba, que estos demandados no tenían otros bienes que los que aportaron a la sociedad, y no es verosímil, que estando en estas condiciones los demandados, se fueran a obligar a pagar $2,500 al mes siguiente de haber empezado un negocio que estaba caído. Además, de las pruebas y manifestaciones del demandante aparece que la oferta de pago en noviembre, se hizo sujeta a la venta de una finca que pertenecía al demandado Reyes, de modo que aun aceptando, como cierta dicha oferta, la fecha de pago sería condicional a la venta de la finca, y no aparece de la prueba que ésta se haya efectuado.

"La prueba del demandado dice que el demandante convino el pago a razón de 60 dollars mensuales, pero teniendo en cuenta la reducción de la deuda de $4,000 a $2,500. Tampoco es creíble que el demandante hiciese tal rebaja sino iba a mejorar las condiciones del pago en el negocio. Pero además, estas afirmaciones están contradichas por las manifestaciones del demandante, quien dice que el pago de $60 mensuales no se refería a esta negociación, sino a otra de unas medicinas que fueron embargadas y que estaban en poder del Sr. Bruno; y que la oferta a la rebaja a $2,500 fué con motivo de una transacción, que no se llevó a cabo, y que tenía como condición esencial la entrega inmediata del dinero. Estas manifestaciones del demandante nos parecen más de acuerdo con los hechos.

"Del anterior examen, la corte estima que si bien las partes tuvieron en mente la fijación de un plazo para el pago de la deuda, éste no quedó fijamente determinado. Y esto lo explica el hecho de negarse el demandante a recibir los $60 mensuales que se le ofrecieron, y el haber tratado de cobrar su crédito cuando pasó un tiempo razonable sin que se efectuase abono alguno de importancia.

"Reasumiendo esta prueba, no hay duda que la deuda a favor del demandante, era en su origen de $4,000; que la sociedad demandada se hizo cargo de pagar $2,500 de esa deuda; que no señaló plazo ni cantidad fija para el saldo de la misma, pero el pago debía efectuarse dentro de un tiempo razonable; que ha transcurrido dicho tiempo y la demandada no ha pagado el todo ni parte de dicha cantidad, a pesar de haber sido requerida para ello por el demandante

no habiéndose demostrado de una manera cierta, que las cantidades abonadas por el Sr. López Orengo antes de efectuarse el contrato de sociedad, lo hayan sido con cargo a esta cuenta.''

Habiendo la corte llegado a las anteriores conclusiones de hecho, estimó que estaba en el caso de usar de las facultades que le confería el artículo 1095 del Código Civil que dispone que si la obligación no señalare plazo pero de su naturaleza y circunstancias se dedujera que ha querido concederse al deudor, los tribunales fijarán la duración de aquél, y en tal virtud declaró con lugar la demanda en la forma ya indicada; esto es, para ser efectiva después de sesenta días contados a partir del en que quedare firme.

Sostiene el apelante que la corte erró porque si el ofrecimiento de pago se hizo para noviembre sujeto a la condición de que Torres Reyes vendiera su finca de Yabucoa y la finca no se ha vendido, la obligación no es exigible. Lo manifestado por la corte no tiene el alcance que le atribuye la parte apelante. La corte consignó que con respecto a la fecha del pago no le satisfacía la prueba de ninguna de las partes. Llegó a la conclusión de que se intentó fijar un plazo y no se fijó. Seguramente se habló de la venta de la finca. Tal vez de pagos mensuales. Todo eso quedó en lo incierto. Lo que si es cierto es que la demandada debe al demandante la suma que éste reclama; que se negó a pagarle, y que el demandante acudió entonces a una corte de justicia.

¿Debió acudir simplemente para pedir que se fijara un plazo para el pago de la deuda, o estuvo justificado en entablar una demanda exigiendo el pago desde luego?

Es evidente que la teoría de la demanda no es la del artículo 1095 del Código Civil. El demandante alegó que la deuda estaba ya vencida y trató de probar lo alegado con su propia declaración. Quizás tuvo en cuenta la jurisprudencia americana que establece que cuando no se ha fijado un plazo para el pago, la deuda se considerará líquida y exigible inmediatamente o al efectuarse el cobro. Véase el

caso de *Newhall* v. *Sherman, Clay & Co.*, 124 Cal. 509, y los otros en él citados.

Fué el propio juez el que por virtud del resultado de las pruebas aplicó el precepto legal citado. Y a nuestro juicio procedió rectamente al hacerlo así, y también al decidir que no era necesario, por lo menos en este caso, el ejercicio de una acción previa limitada a la fijación del plazo, y que todo podía quedar definitivamente terminado dentro de un sólo pleito y por una sola sentencia.

Dice el juez sentenciador que no ha podido encontrar ningún caso resuelto por la Corte Suprema de España que directamente decida esta cuestión. Las partes no citan ninguno, ni hemos podido encontrarlo tampoco nosotros. Los comentaristas Manresa y Scaevola tratan ampliamente en sus obras sobre el artículo 1128 del Código Civil español, igual al 1095 del Código Civil de Puerto Rico, y de sus razonamientos se desprende, con mayor claridad de los de Scaevola, que puede ventilarse toda la cuestión en un solo pleito.

Dice Manresa: "No ha dejado de suscitar dudas qué juez será competente para fijar el plazo: si aquel a quien corresponda el litigio por la cuantía de la obligación, o siempre el de primera instancia, alegándose para esto último que la determinación de plazo es problema cuya cuantía parece inestimable. Nosotros, sin vacilar, entendemos que la primera solución es la procedente, puesto que la determinación de plazo no pasa, sea cual fuere su importancia, de un accidente en el cumplimiento de una obligación, que siendo de cuantía conocida, cae bajo la competencia del juez a quien por la misma corresponda." 8 Manresa, Código Civil Español, 164.

Y dice Scaevola: "¿Qué procedimiento habrá de seguirse para la determinación del plazo por los tribunales? La ley de Enjuiciamiento Civil no tiene ninguno que no sea el juicio ordinario de mayor cuantía, puesto que como el señalamiento de plazo es independiente de la cuantía de la obligación y,

por lo tanto, no tiene valor apreciable, sólo dicho procedimiento es aplicable con arreglo al artículo 483 de la ley citada.

"No hablamos del caso en que se demanda al mismo tiempo el cumplimiento de la obligación y el señalamiento de un plazo para este efecto. El caso es muy frecuente, y cuando ocurre, siendo accesorio lo último de lo primero, habrá de seguir necesariamente sus mismas reglas." 19 Scaevola, Código Civil, 694.

Por virtud de todo lo expuesto, y habiendo en consideración que la existencia de la deuda se reconoció en un documento público desde el 27 de octubre de 1915; que la demanda se interpuso el 4 de enero de 1916, y la sentencia, sin especial condenación de costas, se dictó el 27 de marzo de 1917 para ser efectiva dos meses más tarde, creemos que se ha impartido justicia substancial y debe confirmarse en todas sus partes la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf y Hutchison.

Los Jueces Sres. Presidente Hernández y Asociado Aldrey no intervinieron.