Hijos de Tomás Pietri, Demandantes y Apelados, *v.* Vicens Hermanos, Demandados y Apelantes.

No. 3271.—*Visto:* Mayo 8, 1924.  *Resuelto:* Mayo 31, 1924.

Cuenta Corriente—Causa de Acción—Sentencia en Rebeldía. —Cuando se trata de una demanda en cobro de dinero por la venta de géneros y no se alega un convenio respecto al tiempo del pago, la presunción es que el vendedor tiene derecho al pago inmediato del precio a la entrega de la mer-

cancía, y la simple alegación de estar vencida la deuda es suficiente. En tales circunstancias no es de aplicación el artículo 1095 del Código Civil y es válida la sentencia dictada en rebeldía por el secretario.

SENTENCIA en rebeldía registrada por el Secretario, Corte de Distrito de Ponce, en acción sobre cobro de dinero. *Confirmada.*

*V. Zayas Pizarro,* abogado de los apelantes; *L. Torres Grau,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

Los demandantes alegan haber vendido a la demandada las siguientes partidas de sirop de cañas, en la cantidad, precio y fecha siguientes:

```
Mayo  8 de 1922, 13 barriles a $11 cada uno_____ $143.00
  "  18 de 1922, 20 barriles a $11 cada uno_____  220.00
  "  19 de 1922, 15 barriles a $11 cada uno_____  165.00
  "  26 de 1922, 11 barriles a $11 cada uno_____  121.00
```

El precio hace un total de $649, del que se deducen $20 que confiesan recibidos los demandantes, quedando un remanente de $629 que se alega estar vencido y que la demandada no ha satisfecho en todo ni en parte.

La demandada excepcionó la demanda por falta de causa de acción. Desestimada la excepción, no fué contestada la demanda, por lo que se anotó la rebeldía y se registró sentencia por el secretario.

No conforme la demandada apeló de la sentencia, y en su alegato se sostienen como errores: haberse desestimado la excepción previa a la demanda, y haberse registrado sentencia en rebeldía sin alegarse en la demanda la fecha del vencimiento de la obligación.

Los dos errores serán considerados conjuntamente, pues uno y otro se basan en la falta de alegación en la demanda que determine el vencimiento de los $629 que se reclaman.

La demanda alega, sin embargo, que dicha suma está vencida, pero sostiene la apelante que ésta es una conclusión legal. Planteada así la cuestión, realmente levantaría un punto legal y el secretario no tendría facultad para dictar

la sentencia conforme al artículo 194 del Código de Enjuiciamiento Civil que especifica los casos en que aquel funcionario puede dictar sentencias en rebeldía. Pero en este caso se trata de una demanda en cobro de dinero por la venta de géneros o mercaderías, y no alegándose que haya existido un convenio respecto al tiempo del pago, la presunción es que el vendedor tiene derecho al pago inmediato del precio a la entrega de la mercancía, y la simple alegación de estar vencida la deuda es suficiente. 6 R.C.L. 897; 21 R.C.L. 11.

En verdad que en la demanda se habla de intereses recíprocos al 10 por ciento, pero aparte de que la simple mención de tal interés no implica por sí sola la concesión del plazo, la venta de las partidas no fué simultánea y sí en diferentes fechas dentro del mismo mes y el demandante había recibido $20 a cuenta del precio, lo que parece explicar la estipulación de intereses entretanto la apelante recibía la última entrega.

La misma circunstancia de no aparecer de la demanda que se concediera un plazo al deudor ni deducirse de la naturaleza de la obligación, hace inaplicable el artículo 1095 del Código Civil que sostiene la apelante haberse infringido.

Por lo expuesto, la *sentencia debe confirmarse.*