NATALIA JIMÉNEZ VDA. DE COBIÁN, demandante y apelada, *v.* ANGEL RAMOS, demandado y apelante.

Núm. 7165.—*Sometido:* Marzo 5, 1937. *Resuelto:* Abril 28, 1937.

*R. Cuevas Zequeira,* abogado del apelante; *C. del Toro Fernández,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA emitió la opinión tribunal.

Natalia Jiménez Vda. de Cobián reclama de Angel Ramos el pago de cierta cantidad de dinero, alegando que en primero de mayo de 1929, la demandante entregó al demandado en calidad de préstamo la cantidad de $455, que el día 9 del mismo mes y año, le entregó en las mismas condiciones la suma de $460, y que en enero de 1930 le entregó también en calidad de préstamo, sin devengar intereses, la cantidad de $160.71. Se alega además que el demandado ha abonado a dicha deuda la cantidad de $500.71, resultando un balance a favor de la demandante por la suma de $575 que no ha sido satisfecho ni en todo ni en parte a pesar de las gestiones hechas por la demandante.

El demandado acepta haber recibido las cantidades que se especifican en la demanda, para ser guardadas por él y para entregarlas parcialmente a la demandante a medida que ella lo solicitara; pero afirma que las mismas han sido satisfe-

chas en su totalidad. También se establece en la contestación la excepción previa de que la demanda no aduce hechos suficientes para determinar una causa de acción.

La corte inferior dictó sentencia condenando al demandado a satisfacer a la demandante la cantidad de $575, con las costas. De esta sentencia apeló el demandado, considerando en primer término que el tribunal sentenciador erró al declarar sin lugar la excepción de falta de hechos.

 Alega el apelante que la demandante trata de obtener una sentencia que condene al demandado a pagar determinada cantidad de dinero que se alega le fué entregada en calidad de préstamo, sin haberse fijado plazo alguno para el cumplimiento de la obligación. Se arguye que la demanda es insuficiente, porque ha debido alegarse la fecha en que la obligación era exigible y porque esta fecha debió haber sido previamente fijada por las partes contratantes o en su defecto por los tribunales de justicia. No apareciendo incumplida la obligación a juicio de la parte apelante, la demanda carece de base por haber sido prematuramente ejercitada.

Cita el apelante en su apoyo el artículo 1081 del Código Civil, edición de 1930, según el cual "si la obligación no señalare plazo, pero de su naturaleza y circunstancias se dedujere que ha querido concederse al deudor, los tribunales fijarán la duración de aquél. También fijarán los tribunales la duración del plazo cuando éste haya quedado a voluntad del deudor."

Dudamos mucho de que ésta sea una obligación de la cual, por su naturaleza y circunstancias, se deduzca que ha querido concederse un plazo al deudor. La demandante alega que no se fijó plazo alguno para el cumplimiento de la obligación. El demandado nos dice en su contestación que se convino que él entregase parcialmente a la demandante el dinero a medida que ella lo solicitara. La prueba demuestra que el demandado periódicamente entregó varias sumas a la demandante a solicitud de ésta, lo cual viene a demostrar que el demandado se consideraba obligado al pago cuando la parte

actora lo solicitara. No puede decirse que se trate estricta-tamente de un plazo cuya duración necesita ser fijada por los tribunales. Las alegaciones y la prueba demuestran que el dinero se entregó al demandado, sin devengar interés alguno, y que era exigible en cualquier momento en que fuese reclamado. Una alegación defectuosa por razón de la omisión de algún hecho esencial puede ser suplida por la alegación de la parte contraria. La regla es que si la alegación omitida se suple por la parte adversa, surte el mismo efecto que se hubiese producido de haber sido insertada en las propias alegaciones de la parte que incurrió en la omisión. 1 *Bancroft's Code Pleading,* párrafo 737, pág. 1035.

En el presente caso la contestación, más bien que suplir una omisión, aclara los hechos, porque a la alegación de la demanda de que no se fijó fecha para el pago de la deuda, añade que el demandado quedó obligado a entregar parcial-mente el dinero a medida que la demandante lo solicitase. Es claro, a nuestro juicio, que la obligación de satisfacer el resto de la deuda era exigible a solicitud de la acreedora. La prueba demuestra que el demandado satisfizo parcialmente a la demandante varias sumas y que ésta tuvo algunas dificultades para obtener el saldo completo de la cantidad que últimamente se le adeudaba. En el caso de *Hijos de T. Pietri* v. *Vicens Hnos.,* 33 D.P.R. 248, 250, dijimos que la circunstancia de no aparecer de la demanda que se concediera un plazo al deudor ni deducirse de la naturaleza de la obligación hace inaplicable el artículo 1095 (1081, ed. 1930) del Código Civil que el apelante considera infringido. Pero aun cuando así no fuese, aunque de la naturaleza y circunstancias de la obligación contraída se dedujese que ha querido concedere un plazo al deudor, entendemos que en bien de la justicia y de la rapidez de los procedimientos, debe seguirse adop-tando la regla fijada por esta corte en *Nicorelli* v. *E. López & Cía.,* 26 D.P.R. 55, donde se resolvió que cuando en una acción para el cobro de una deuda reconocida en documento público, la corte por virtud del resultado de las pruebas, llega

a la conclusión de que se intentó fijar un plazo para el pago y no se fijó, puede señalarse el que se estime justo conforme al artículo 1095 del Código Civil (1081, edición 1930), sin que sea necesario el ejercicio de una acción previa limitada a la fijación del plazo. La corte en dicho caso analiza los preceptos del Código Civil, cita a Manresa y Scaevola, y dice que de sus razonamientos se desprende, siendo más claros los del comentarista Scaevola, que puede ventilarse toda la cuestión en un solo pleito. Y así debe ser. El demandado en este caso adeuda cierta cantidad a la parte demandante. Tiene la obligación de entregarla cuando se le reclame. ¿Para qué ha de imponerse el acreedor la obligación de iniciar dos acciones, una para fijar el plazo y otra para exigir el pago de la deuda, cuando ambas cosas pueden ser resueltas en una misma acción? Opinamos que la corte inferior no cometió el error que se le atribuye.

■■ El apelante discute conjuntamente en su alegato los errores segundo y quinto, en los cuales se alega que la corte sentenciadora cometió error al declarar con lugar la demanda y sin lugar la moción de nuevo juicio. Entiende el apelante que la demandante no ha tenido una base cierta para ejercitar esta acción contra el demandado. Llama la atención a que la demanda original reclamaba el pago de una cantidad específica de $950 y que esta demanda fué enmendada posteriormente, quedando convertida en una reclamación por la suma de $575. Esta discrepancia, a juicio del apelante, obedece al hecho indubitado de que doña Natalia Jiménez Vda. de Cobián se aventuró a establecer esta acción sin otro fundamento que la creencia de que el demandado carecía de medios probatorios para acreditar la devolución de las cantidades recibidas de la demandante. Añade que así sólo se explica que dicha demandante se viese obligada a cambiar radicalmente sus alegaciones esenciales relacionadas con la cuantía de los cheques, teniendo que reducir su reclamación a medida que en el curso de su testimonio se le presentaron cheques y recibos creditivos de cantidades que el demandado

pagara a la demandante o a terceras personas por cuenta de ella.

La corte inferior, en su resolución declarando sin lugar la moción de nuevo juicio, se expresa así:

"La demandante en este caso es una anciana quien ingenuamente confesó que ella no llevaba contabilidad alguna y que si el demandado le demostraba haberle pagado o presentaba cheques cobrados por ella, estaría dispuesta a admitir que había recibido las cantidades representadas por dichos cheques. El hecho de que la demandante fuera algunas veces incoherente en su declaración e incurriera en contradicciones sin importancia, hijas a nuestro juicio de su edad y falta de experiencia en los negocios, no favorece el caso del demandado, pues como dijimos en nuestra opinión en los párrafos antes transcritos, incumbía al demandado y no a la demandante probar la extinción de la obligación, y la Corte después de oír a una y otra parte, dió crédito a los testigos de la demandante, resolviendo el caso a su favor. Al resolverlo así no es que descartásemos o no diésemos crédito a la declaración del testigo Teófilo Maldonado, testigo del demandado, que si bien era pariente político de la demandante, también era empleado y compañero del demandado en su empresa de periódico 'El Mundo', sino que considerando la declaración del Sr. Maldonado, por sus propios méritos, no podíamos llegar a la conclusión de que el abono de $500 se hiciera como decía el demandado con cargo a la cuenta que éste tenía con la demandante, pues el Sr. Maldonado, según su declaración, no se hallaba en Puerto Rico en la fecha en que el demandado alega haber pagado a la demandante los $500 en cuestión, de modo que de propio conocimiento no podía informar a la Corte si los $500.00 en cuestión fueron pagados a la demandante o a la que fué esposa del demandado, Natalia Cobián."

El demandado pone mucho énfasis en la apreciación de la prueba por la corte sentenciadora, que considera errónea, al declarar con lugar la demanda y desestimar la moción de nuevo juicio. Llama la atención a los hechos que pasamos a relatar, que constituyen a su juicio el nervio del asunto. Esta acción se inició en 22 de diciembre de 1933. El demandado, cuando se divorció de su esposa, se obligó a satisfacer a la misma cierta cantidad de dinero que habría de hacerse efectiva a fines del año 1935. Angel Ramos declaró que a requerimiento de doña Natalia Jiménez entregó en un cheque a

nombre de Natalia Cobián, la cantidad de $500 para aplicarlos como saldo de lo adeudado a la que había sido su suegra. La demandante manifestó que dicha cantidad se entregó con cargo a la deuda de gananciales contraída por el demandado con doña Natalia Cobián, quien también declaró en igual sentido. Sostiene el demandado Sr. Ramos que lo lógico era que esta cantidad se satisficiese a cargo de una obligación exigible, como lo era la de doña Natalia Jiménez, y no de la obligación contraída para ser satisfecha a su esposa en el futuro. Se arguye que es cosa muy en armonía con la lógica de los argumentos que la controversia hubiese sido decidida de acuerdo con el testimonio del demandado, robustecido por la declaración del testigo Teófilo Maldonado, que si bien es cierto que trabaja en la empresa editora que administra don Angel Ramos, es cierto también que está ligado con la demandante por lazos de estrecho parentesco. La corte sentenciadora, que apreció la prueba expone su criterio para justificar su sentencia a pesar del testimonio del Sr. Maldonado.

En cuanto a si la cantidad de $500 se satisfizo a cargo de la obligación contraída con la demandante o con la señora Natalia Cobián, el demandado declaró que un día fueron ambas a su oficina para que les entregase la referida suma, que de primera intención consideró excesiva esta cantidad que le pedían para embarcarse; que entonces dichas señoras comisionaron a Teófilo Maldonado, que está emparentado con ellas, quien le dijo que les diera los $500, que era mejor que se fueran, y no tuvo inconveniente en entregarle personalmente los $500 con cargo a la cuenta de doña Natalia Jiménez. Se le pregunta más tarde al demandado si recuerda lo que declaró en el caso civil núm. 20100, en cobro de dinero, iniciado por doña Ana Josefa Jiménez Carmona contra Angel Ramos, en la Corte de Distrito de San Juan, y responde en la forma que pasamos a exponer, según consta en la transcripción de evidencia:

"A. ¿El testigo recuerda lo que declaró en el caso Civil núm. 20100, sobre Cobro de Dinero, de doña Ana Josefa Jiménez Carmona

v. Angel Ramos, en la Corte de Distrito de San Juan, cuya vista se celebró el 19 de septiembre?

T. Si Su Señoría me dice lo que yo declaré . . . .

A. (Leyendo) 'Ella se me presentó en mi oficina y me dijo que. . . . El abogado interrumpe: ¿Después de estar divorciada?—Respuesta: Sí, un año y cinco meses después. ¿Un año y cinco meses después del divorcio ella fué a su oficina?—Ella se presentó en mi oficina y me dijo que se quería embarcar; me dijo que necesitaba dinero.— ¿Qué necesitas?—$500. Quiero que me los des de mi cuenta.' Ahora, ¿cómo se explica usted eso que declaró en la silla de testigos cuando usted no se esperaba esto de ahora? ¿Por qué esa contradicción?

T. ¿Cómo dice ahí?

A. Cómo usted dice ahora . . . .

Ddo.—Que le lea toda la respuesta.

A. (Leyendo) 'Ella se me presentó en mi oficina y me dijo que . . . . .—Interrumpiendo el abogado: ¿Después de estar divorciada?—Sí, un año y cinco meses después.—¿Un año y cinco meses después del divorcio ella fué a su oficina?—Respuesta: Ella se me presentó en mi oficina y me dijo que se quería embarcar; me dijo que necesitaba dinero.—¿Qué necesitas?—$500.00. Quiero que me los des de mi cuenta.—Y como yo no tenía que darle a ella ningún dinero, se le dieron los $500, tres días antes de esa demanda que está ahí radicada, a ella con cargo . . . . Aquí está un cheque cobrado, de acuerdo con la cancelación del Royal Bank of Canada, en 4 de diciembre. ¿Podría decirme Su Señoría cuándo se radicó la demanda?' ¿Por qué usted declara ahora a preguntas de su abogado, que los $500 los pidió ella a cuenta de doña Natalia?

T. Se le entregaron con cargo a doña Natalia, y ahí no dice que yo se los entregué con cargo a . . . .

A. ¿Cómo usted explica esa contradicción?

Ddo. No existe tal contradicción.

Juez: Vamos a dejar que explique.

T. Yo no veo contradicción. Yo no he dicho en mi anterior declaración que yo entregué eso con cargo a ella. Ahí no dice con cargo a quién. Que diga a quién dije yo entonces.

Demandante:

A. Yo le pregunto la contradicción esa que dice 'Quiero que me los des de mi cuenta.'

T. Eso lo dijo ella.

A. Y cómo usted dice ahora que los pidió para el viaje . . . .

T. Yo no tenía que entregarle nada con cargo a ella.''

El demandado no aclara satisfactoriamente sus manifestaciones anteriores comparadas con las que hizo en la vista de esta causa. Anteriormente manifestó que su esposa se le presentó en su oficina diciéndole que se quería embarcar y que necesitaba la cantidad de $500 con cargo a su cuenta, y ahora manifiesta que la demandante y su hija se personaron en su oficina para pedirle la referida suma con cargo a la cuenta de la primera. Es raro que el Sr. Ramos, que había sido requerido por su esposa para que le adelantase la cantidad de $500 con cargo a su cuenta, según admitió en su declaración anterior, extendiese el cheque a nombre de su referida esposa con cargo a la cuenta de doña Natalia Jiménez. Parece lógico que este ruego de su esposa, solicitando el dinero para ella, le sugiriese la precaución de protegerse, extendiendo el cheque a favor de la demandante, si en realidad tuvo la intención de saldar el balance de la deuda contraída con la última. El hecho de haber extendido el cheque a favor de la que fué su esposa no indica otra cosa que el deseo de complacerla, anticipándole el pago de la cantidad que solicitaba.

También se arguye por el apelante que la corte inferior debió tener en cuenta que el demandado no se beneficiaba materialmente en atribuir los $500 al pago de la cuenta de la demandante, porque no era lógico pensar que si la deuda con doña Natalia Cobián estaba consignada en un documento público y no había de vencer hasta dos años después, la entrega de los $500 se hiciera con cargo a su obligación futura, en tanto que la deuda de doña Natalia Jiménez Vda. de Cobián era exigible inmediatamente. Es cierto que el demandado no se beneficiaba materialmente en atribuir los $500 al pago de la cuenta de la demandante, pero es también cierto que Natalia Cobián en nada se beneficiaba al declarar que esos $500 fueron satisfechos a ella y no a la Sra. Natalia Jiménez. Si ésta no es la verdad, la demandante aparecería enriqueciéndose a expensas de su hija, quien quedaría privada de reclamar una cantidad que según el demandado

nunca había recibido, por haber sido satisfecha a doña Natalia Jiménez. En cambio, el Sr. Ramos quedaría protegido por la declaración de la señora Natalia Cobián de haber recibido esa suma con cargo a su cuenta. Por estas razones, nos inclinamos a creer que la corte inferior estuvo justificada en sus conclusiones de hecho. Deben desestimarse los errores apuntados.

En los motivos de error tercero y cuarto, se alega que la corte inferior dictó sentencia por una suma mayor que la que podría justificarse por admisiones de la propia demandante, y que la acción debió ejercitarse ante la corte municipal, porque su crédito sólo alcanzaba a $433. Se arguye que la reclamación en la demanda enmandada se limita a la suma de $575, que de acuerdo con las alegaciones la demandante entregó al demandado la suma de $1,075.71, de los cuales admitió haber recibido tres partidas de $100 cada una, divididas en pagos de $25 mensuales, y se dice que si a dichos $300 se une la cantidad de $342.71 que la demandante admitió haber recibido del demandado y que la corte en su opinión consideró como satisfecha por el mismo, resulta que la suma total de cantidades satisfechas por el demandado a la demandante asciende a $642.71. En estos cálculos se basa el demandado para decir que la deuda a favor de la demandante nunca podría exceder de la suma de $433, habiendo incurrido la corte inferior en error al condenar al demandado al pago de $575.

Examinemos la prueba para ver si tienen algún fundamento las alegaciones del demandado. La corte inferior declaró que el demandado había satisfecho a la demandante la cantidad de $342.71, incluyendo $100 satisfechos al Sr. Teófilo Maldonado, con autorización de dicha demandante. También declaró la corte que el demandado presentó un cheque al portador, con cargo al American Colonial Bank, de fecha 14 de febrero de 1930, por la cantidad de $100 que aparece cobrado por F. Febles & Co., y que aunque el demandado alega fué entregado a la demandante, sin embargo ésta niega haberlo recibido, ni haberlo endosado y entregado a F. Febles & Co.

La demandante en su declaración se confunde algunas veces con respecto a las cantidades que le fueran entregadas; pero si se examina detenidamente se verá que no contiene las admisiones que le atribuye la parte demandada. La demandante también manifestó que todos los pagos hechos por el demandado los recibió por cheques, añadiendo que si hay algún otro cheque que no recuerde se muestra gustosa a aceptarlo. En las páginas 10 y 11 de la transcripción de evidencia reconoce la demandante que el demandado satisfizo con su autorización $100 a Maldonado; que después el demandado le dijo que iba a pagarle la deuda en cantidades parciales de $25, que ella le respondió que no podía aceptarlo, que el demandado respondió: "Bueno, está bien"; que después de eso le pidió $100, que el Sr. Ramos le respondió que no podía pagárselos de momento, que se los iría entregando en cantidades de $25, y que así le satisfizo $100; que después volvió a necesitar otros $100 y también le dijo que se los iría dando en cantidades parciales de $25, satisfaciéndole en esta forma la suma de $100; que además le satisfizo $15 para pagar al dentista; que no recuerda haber recibido otras cantidades, pero que si se le ha satisfecho alguna tiene que existir el cheque, porque el demandado siempre le pagaba en cheque. En las páginas 23 y 24 de la transcripción de evidencia vuelve a decir la demandante que le pidió primero $100 que le satisfizo en cantidades parciales de $25 mensuales, y que después le dió otra partida de $100 en la misma forma; que aceptó el pago parcial porque el demandado le dijo que no los podía dar todos juntos y que no podía pagarle los $200 completos. En la página 28 de la transcripción de evidencia repite la demandante la misma afirmación de que el demandado le satisfizo la cantidad de $200 en partidas de $25 mensuales. Se le pregunta por qué no exigió el total de la cuenta en vista de que el demandado no respondía a sus exigencias y responde: "Si al pedirle yo $100 me los iba dando a $25, ¿cómo iba a pagarme si yo le hubiese exigido una cantidad mayor de dinero, más cantidad

de dinero? Me vería yo obligada a que me los fuera dando en esas condiciones y yo no podía aceptar eso." Ya en la página 26 había dicho que cada vez que le pedía dinero al demandado respondía que no podía, que lo dejara para luego, y que por eso fué que le pidió el dinero; que al pensar en irse dijo: "Tengo que cobrar de alguna manera"; y por eso hizo esto. Es en la página 28 de la transcripción de evidencia donde la demandante dice que recuerda haber recibido cuatro cheques de $100, expresándose así: "Yo recibí, que yo me acuerde, cuatro cheques de $100. Ya lo dije, que uno fué a mí, otro fué a Maldonado, y otro fué extendido para dármelo $25 a $25 todos los meses."

Las manifestaciones que anteceden demuestran que la demandante se equivocó, pues si bien habla de cuatro cheques, solamente hace relación de tres: el que le fué satisfecho, con su autorización, a Maldonado, otro a ella, y otro que le fué extendido en cantidades parciales de $25.00.

Como ya hemos dicho, la corte, en la relación del caso, enumera los cheques extendidos a favor de la demandante, incluyendo el de Maldonado, y dice que éstos arrojan un total de $342.71. A esta suma añade el demandado tres partidas de $100 cada una, divididas en pagos mensuales de $25, que la demandante admitió haber recibido. Estos cálculos no están justificados por la prueba. El demandado, pudo, además, haber presentado todos los cheques extendidos a favor de la demandante para demostrar que se le había satisfecho una suma mayor que la que se admite en la demanda enmendada de acuerdo con la evidencia aportada. No lo hizo así, y ahora alega que la corte incurrió en error al apreciar la prueba. La corte inferior termina diciendo que tanto en lo que respecta al cheque de $500 que según el demandado se satisfizo a cargo de la obligación contraída con la demandante, como el de $100 que aparece endosado por F. Febles & Co., no se ha probado que dichas sumas fuesen pagadas a la demandante. Añade que por lo tanto, el demandado no ha acreditado la extinción total de la obligación y que, aunque

de acuerdo con la prueba resulta en deber a la demandante una cantidad mayor que la reclamada por ella, sin embargo, como la demandante se limita a solicitar la cantidad de $575, no puede dictar sentencia por una cantidad mayor que la que se solicita por la Sra. Jiménez. Entendemos que la corte inferior no ha cometido los errores que se le atribuyen.

Ultimamente se alega que la corte inferior incurrió en error al imponer las costas al demandado. Luego de examinada la prueba practicada, no nos sentimos inclinados a modificar el fallo del tribunal *a quo* en el ejercicio de sus facultades discrecionales.

*Debe confirmarse la sentencia apelada.*