María Sabina, Jesús y Victoria Rivera, representados por su madre con patria potestad, Julia Rivera, demandantes y apelantes, *v.* Francisco Cardona, demandado y apelado.

Núm. 7998.—*Sometido:* Diciembre 5, 1939. *Resuelto:* Mayo 22, 1940.

*Benjamín Ortiz,* abogado de los apelantes; *F. González Fagundo,* abogado del apelado.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

La cuestión a resolver en este recurso es la de si un hijo ilegítimo en quien no concurre la condición de hijo natural (artículo 125, Código Civil, ed. 1930), puede instituir una acción en reclamación de alimentos contra sus alegados padres sin que previamente conste la paternidad o maternidad, según sea el caso, a virtud de sentencia firme dictada en proceso criminal o civil, o resulte de un documento indubitado del padre o de la madre en que expresamente reconozca la filiación.

La cuestión así planteada gira alrededor de la interpretación que deba darse al artículo 129 del citado cuerpo legal, que literalmente dice así:

"Art. 129. El derecho a los alimentos de que habla el artículo anterior, sólo puede ejercitarse:

"1. Si la paternidad o maternidad se infiere de una sentencia firme dictada en proceso criminal o civil.

"2. Si la paternidad o maternidad resulta de un documento indubitado del padre o de la madre en que expresamente reconoce la filiación."

En el presente caso la sentencia fué dictada a base de una excepción previa interpuesta contra una demanda que no contiene alegación alguna con respecto a la existencia de la sentencia firme o documento indubitado en que conste la paternidad. Por consiguiente, nuestra discusión debe limitarse a determinar si el pronunciamiento sobre la paternidad puede hacerse dentro del pleito de alimentos sin necesidad de que previamente se haya obtenido sentencia firme declarando la paternidad.

La cuestión en controversia no es del todo nueva en esta jurisdicción. En una serie de casos criminales que empieza con el de *El Pueblo v. Rohena,* 52 D.P.R. 313, resuelto el 4 de noviembre de 1937, seguido por los de *El Pueblo v. López,* 54 D.P.R. 294; *Pueblo v. Rotger,* 55 D.P.R. 139; *Pueblo v. Pérez,* 55 D.P.R. 677, y que termina con el de *El Pueblo v. Rogelio Díaz,* resuelto en el día de ayer (decisión *per curiam*), ha venido sosteniéndose por este tribunal que el hecho de la paternidad, o sea la relación de padre e hijo que pueda existir entre el acusado y el menor que alega haber sido abandonado, puede ser establecido dentro del proceso por abandono de menores. En el caso de *El Pueblo v. López,* supra, donde más extensamente se discute la cuestión, ha dicho este tribunal, por voz de su Juez Presidente Sr. Del Toro:

"Se insiste en que el estatuto penal habla de hijos ilegítimos reconocidos y en que el artículo 129 del Código Civil expresamente prescribe que el derecho a alimentos de los hijos ilegítimos en quienes no concurra la condición legal de naturales, sólo podrá ejercitarse si la paternidad o maternidad se infiere de una sentencia firme dictada en un proceso criminal o civil o si resulta de un documento indubitado del padre o de la madre, en que expresamente reconozca la filiación.

"Los hijos ilegítimos se dividen en dos clases, a saber: hijos nacidos fuera del matrimonio pero de padres que al tiempo de su concepción hubieran podido casarse, e hijos nacidos fuera del matrimonio de padres que al tiempo de su concepción no hubieran podido contraerlo. Los primeros se llaman naturales y es para ellos que la ley establece la acción de reconocimiento. Artículos 125, 126 y 127 del Código Civil, ed. 1930. Para los segundos no hay tal acción. Sólo les reconoce la ley civil—artículo 128 del Código—el derecho a ser alimentados por sus padres de acuerdo con lo dispuesto en el artículo 43.

"No hay duda de que la palabra reconocidos usada por el legislador en relación con el hijo ilegítimo en la ley penal—artículo 263 del Código Penal, ed. 1937—lo fué por inadvertencia. Pero partiendo de la base de su existencia entendemos que significa que sólo se comete el delito cuando lo es por un padre que pudiendo deja de alimentar a hijos ilegítimos que ha tenido pública o privadamente como tales o que por ser sus hijos en realidad de verdad se hubiera visto obligado a reconocer si concurriera en ellos la condición de naturales, y dando a lo prescrito en el Código Civil—artículo 129— una interpretación razonable, en armonía con la enmienda legislativa de la ley penal de 1931 (Ley núm. 36 de 1931, pág. 353), entendemos que la sentencia dictada en un proceso criminal a que se refiere puede ser la que se dicte dentro del proceso criminal que por abandono del hijo ilegítimo se siga como se siguió en este caso.

"Si se demuestra en él fuera de duda razonable que el padre sabía que el menor era su hijo o que lo había tenido como tal y por consiguiente como tal debía reconocerlo o lo había reconocido y que eso no obstante voluntariamente y sin excusa legal había dejado de cumplir las obligaciones que la ley le impone de proveerle del indispensable alimento, vestuario o asistencia médica, debe ser condenado aunque no se presente el documento a que se refiere el párrafo segundo o la sentencia dictada en pleito civil de que habla el párrafo primero del artículo 129 del Código Civil tantas veces citado.

"Dentro del estado actual de nuestro derecho, la sentencia dictada en proceso criminal a que se refiere el repetido artículo no puede ser otra que la que se dicte en la causa criminal por abandono donde todos los hechos esenciales pueden quedar debidamente establecidos. La obligación del padre surge del hecho sustancial de serlo. Probado en debida forma que lo es y que siéndolo dejó de cumplir su obligación en la manera que la ley penal establece, el delito debe entenderse cometido.

"

"Véanse los siguientes casos en los cuales se resolvió que no obstante existir como existe un procedimiento especial para la declaratoria de herederos, cuando un heredero ejercita alguna acción como tal sin haber antes recurrido a dicho procedimiento, puede dentro del pleito y a los efectos del mismo acreditar su condición mediante prueba apropiada: *Morales et al. v. Landráu et al.*, 15 D.P.R. 782, *Soriano et al. v. Rexach et al.*, 23 D.P.R. 573, *Fortis v. Fortis*, 25 D.P.R. 69, 76; *Sucn. Rodríguez v. Pérez*, 25 D.P.R. 78, 82, *Casanovas & Co. v. Ramírez et al.*, 25 D.P.R. 625, 627; *Méndez v. Martínez*, 26 D.P.R. 96, 100, *Sucesión Torres Negrón v. Torres et al.*, 29 D.P.R. 909, *Ginorio v. Registrador*, 50 D.P.R. 400, 401."

Al empezar nuestra discusión dijimos que la cuestión no es del todo nueva en esta jurisdicción, porque solamente se ha promovido en casos criminales por abandono de menores; pero en verdad no vemos razón alguna que nos obligue a variar el criterio ya establecido, cuando de una demanda de alimentos se trate en un caso civil como el que nos ocupa.

La urgencia de toda reclamación de alimentos requiere que para que la sentencia por tardía no resulte ilusoria, el procedimiento para obtenerlos sea rápido y esté exento de innecesarias dilaciones. Consciente de esa necesidad el legislador, expresamente ha decretado que contra la sentencia que se dicte en casos sobre reclamación de alimentos se podrá utilizar el recurso de apelación sin que esto obstaculice la ejecución de aquélla. Artículo 618, Código de Enjuiciamiento Civil, ed. 1933. A ningún fin que no sea el de perjudicar innecesariamente el derecho del reclamante conduce el obligarlo como condición previa a su acción de alimentos a vencer a su progenitor en un pleito para determinar su paternidad, cuando esa cuestión puede resolverse sin dificultad alguna dentro del mismo pleito de alimentos, haciendo de ese modo menos costosa y más rápida la reclamación.

Además de los casos citados en el de *Pueblo v. López*, supra, en que se ha permitido la tramitación de declaratorias de herederos dentro de pleitos de daños y perjuicios, reivindicación, etc., tenemos en nuestra jurisprudencia otro precedente que por analogía es aplicable a la cuestión que ahora

se discute. Se trata de la interpretación del artículo 1081 del Código Civil (ed. 1930), que prescribe:

"Art. 1081. Si la obligación no señalare plazo, pero de su naturaleza y circunstancias se dedujere que ha querido concederse al deudor, los tribunales fijarán la duración de aquél.

"También fijarán los tribunales la duración del plazo cuando éste haya quedado a voluntad del deudor."

La interpretación estricta de este precepto exige que en los casos a que el mismo se refiere, se recurra previamente al tribunal para que fije el plazo y una vez fijado, y sólo cuando vencido éste no se haya cumplido la obligación, podrá establecerse la acción para exigir su cumplimiento. Podría alegarse que mientras no venza el plazo previamente fijado por el tribunal, la causa de acción no existe y por consiguiente sería prematura la acción establecida con anterioridad a la fijación del plazo. Sin embargo, este tribunal sin disidencia alguna, en el caso de *Nicorelli* v. *Ernesto López & Co.*, 26 D.P.R. 55, en bien de la justicia y de la rapidez de los procedimientos desechó la interpretación estricta a que venimos refiriéndonos e interpretó el referido artículo resolviendo que la fijación del plazo a que se refiere el artículo 1081 supra, puede hacerse dentro del pleito en cobro de la obligación.

Posteriormente, en el caso de *Jiménez viuda de Cobián* v. *Ramos,* 51 D.P.R. 387, 390, este tribunal, por voz de su Juez Asociado Sr. Córdova Dávila, citando con aprobación el de *Nicorelli* v. *López* supra, se expresó en los siguientes términos:

"En el caso de *Hijos de T. Pietri* v. *Vicens Hnos.,* 33 D.P.R. 248, 250, dijimos que la circunstancia de no aparecer de la demanda que se concediera un plazo al deudor ni deducirse de la naturaleza de la obligación hace inaplicable el artículo 1095 (1081, ed. 1930) del Código Civil que el apelante considera infringido. Pero aun cuando así no fuese, aunque de la naturaleza y circunstancias de la obligación contraída se dedujese que ha querido concederse un plazo al deudor, entendemos que en bien de la justicia y de la rapidez de los

procedimientos, debe seguirse adoptando la regla fijada por esta corte en *Nicorelli* v. *E. López & Cía.*, 26 D.P.R. 55, donde se resolvió que cuando en una acción para el cobro de una deuda reconocida en documento público, la corte por virtud del resultado de las pruebas, llega a la conclusión de que se intentó fijar un plazo para el pago y no se fijó, puede señalarse el que se estime justo conforme al artículo 1095 del Código Civil (1081, edición 1930), sin que sea necesario el ejercicio de una acción previa limitada a la fijación del plazo. La corte en dicho caso analiza los preceptos del Código Civil, cita a Manresa y Scaevola, y dice que de sus razonamientos se desprende, siendo más claros los del comentarista Scaevola, que puede ventilarse toda la cuestión en un solo pleito. Y así debe ser. El demandado en este caso adeuda cierta cantidad a la parte demandante. Tiene la obligación de entregarla cuando se le reclame. ¿Para qué ha de imponerse al acreedor la obligación de iniciar dos acciones, una para fijar el plazo y otra para exigir el pago de la deuda, cuando ambas cosas pueden ser resueltas en una misma acción? Opinamos que la corte inferior no cometió el error que se le atribuye.''

El derecho a alimentos está tan íntimamente relacionado con la determinación de la paternidad, que no vemos razón alguna, siguiendo el precedente de *Nicorelli* v. *López,* supra, que impida resolver toda la controversia en un solo procedimiento, ya se dirija éste a la declaración de la paternidad y como un incidente del mismo se reclamen alimentos, ya se trate, como en el presente caso, de una reclamación de alimentos donde incidentalmente se establezca la paternidad.

La dilación que ha habido en la resolución de este pleito, sometido el 5 de diciembre del año pasado, no parece armonizar con los argumentos expuestos anteriormente en relación con la rapidez que debe imprimirse a un procedimiento sobre reclamación de alimentos. Debemos consignar, sin embargo, que la dilación en este caso fué motivada por las amplias discusiones a que el mismo dió lugar en el seno del tribunal.

*Por lo expuesto, procede, a nuestro juicio, declarar con lugar el recurso, revocar la sentencia apelada y devolver*

*el caso a la corte inferior para ulteriores procedimientos no inconsistentes con esta opinión.*

El Juez Asociado Sr. Wolf disintió.*