CARMEN DELIA CERRA, peticionaria, *v.* CORTE DE DISTRITO DE HUMACAO, HON. LUIS PEREYÓ, JUEZ, demandada; ENRIQUE CERRA, interventor.

Núm. 1737.—*Sometido:* Diciembre 3, 1947. *Resuelto:* Diciembre 22, 1947.

*Vicente Géigel Polanco,* abogado del peticionario; *Justo A. Casablanca,* abogado del interventor, demandado en el pleito principal.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

En una acción sobre filiación y alimentos radicada a nombre de la menor Carmen Delia Cerra, la Corte de Distrito de Humacao dictó sentencia declarando que dicha menor es hija natural reconocida del demandado Enrique Cerra y condenando a éste a pagar a su hija una pensión alimenticia de $60 mensuales. El demandado apeló de la sentencia en cuanto a sus dos pronunciamientos. La demandante radicó entonces ante la corte inferior una moción sobre ejecución de la sentencia en cuanto a la acción de alimentos. La moción fué declarada sin lugar por entender el tribunal inferior que en una acción sobre reconocimiento de hijo natural y reclamación de alimentos "es improcedente el ordenar la ejecución de sentencia en cuanto a la acción de alimentos toda vez que la parte demandante ha apelado de la sentencia dictada para ante el Hon. Tribunal Supremo de Puerto Rico y la concesión de alimentos y el derecho a percibirlos está supeditado a la acción de filiación, siendo una acción consecuencia de la otra." Denegada la reconsideración de la resolución, la menor demandante instó el presente recurso, alegando: (a) que la corte a quo interpretó erróneamente el artículo 84 de la Ley de Procedimientos Legales Especiales (Art. 618 C. de E. Civil, ed. de 1933)(1); (b) porque en el caso de autos se han acumulado dos causas de acción, sobre filiación y alimentos, y la corte ha declarado ambas con lugar; (c) porque siendo la sentencia divisible puede ejecutarse aquella parte que no queda suspendida por la apelación, o sea la parte relativa a los alimentos; (d) porque la de filiación y la de alimentos son acciones separadas, distintas e independientes entre sí, aunque pueden acumularse en una misma demanda; (e) porque el reconocimiento de un hijo natural procede en cualquiera de los casos especificados en el artículo 125 del Código Civil (ed. de 1930) y la

(1) "Artículo 618.—(84 L.) :Toda reclamación sobre alimentos provisionales se tramitará en la forma prescrita para el juicio de desahucio. Contra la sentencia que se dicte en esta clase de juicio se podrá utilizar el recurso de apelación, sin que ésta obstaculice la ejecución de aquélla." ,

concesión de alimentos al hijo natural o ilegítimo procede a base de la mera prueba de la paternidad; y (f) porque la acumulación de las dos acciones no impide la aplicación de lo dispuesto en el artículo 618 del Código de Enjuiciamiento Civil, porque los alimentos son siempre provisionales.

■■ Tiene razón la recurrente. Las disposiciones del artículo 618 del Código de Enjuiciamiento Civil son claras y terminantes y no establecen excepción de clase alguna. De acuerdo con ellas la sentencia por la cual se condene al demandado al pago de alimentos provisionales podrá ser revisada en apelación, "sin que ésta obstaculice la ejecución de la sentencia."

En *Rivera* v. *Cardona,* 56 D.P.R. 819, la cuestión planteada fué la de si un hijo ilegítimo, en quien no concurría la condición de hijo natural, podía instituir una acción en reclamación de alimentos, sin que previamente se hubiese establecido la paternidad a virtud de sentencia firme o mediante un documento indubitado del padre en que expresamente reconozca la filiación. Resolvimos:

"El derecho a alimentos está tan íntimamente relacionado con la determinación de la paternidad, que no vemos razón alguna, siguiendo el precedente de *Nicorelli* v. *López,* supra, que impida resolver toda la controversia en un solo procedimiento, ya se dirija éste a la declaración de la paternidad y como un incidente del mismo se reclamen alimentos, ya se trate, como en el presente caso, de una reclamación de alimentos donde incidentalmente se establezca la paternidad."

En *Sánchez* v. *Corte,* 64 D.P.R. 478, resolvimos, copiando del sumario, que "la acción de filiación y la de reclamación de una pensión almienticia para el menor de cuya filiación se trata, pueden acumularse en una misma demanda de conformidad con la Regla 18 de las de Enjuiciamiento Civil."

Y en *Pueblo* v. *Rodríguez,* ante, pág. 735, hicimos constar que "tanto en causas criminales como en casos civiles este Tribunal reiteradamente ha decidido que una vez establecida la paternidad, el presunto padre viene obligado a pro-

veer alimentos a su menor hijo, y que tal paternidad puede ser investigada lo mismo en casos criminales como en procedimientos civiles.''

Es cierto que en la demanda radicada en este caso se alegaron separadamente dos causas de acción, reclamándose en la primera la filiación de la menor demandante y en la segunda el pago de la pensión alimenticia. Empero, esas dos causas de acción así acumuladas son en realidad una sola controversia que puede y debe ser resuelta en un solo procedimiento. Establecida la filiación del hijo natural o la paternidad del hijo ilegítimo, de una u otra surge el derecho del hijo natural o del ilegítimo a reclamar alimentos. La sentencia dictada en este caso tiene a su favor, como todas las sentencias, la presunción de ser correcta y coloca a la demandante en la misma posición legal que ella ocuparía si hubiese presentado una reclamación de alimentos donde incidentalmente se hubiere establecido la condición de hija natural o la paternidad ilegítima.

Al disponer en el citado artículo 618 que las sentencias dictadas en casos sobre reclamaciones de alimentos podrán ser apeladas, sin que la apelación sea un obstáculo para la ejecución de las mismas—contrario a lo que dispone el artículo 297 del mismo código, o sea que ''formalizada una apelación, producirá el efecto de suspender todo procedimiento en la corte inferior''—el legislador tuvo evidentemente el propósito de proteger al menor, necesitado de recursos para atender a su sustento y educación, autorizándole para ejecutar, aun cuando hubiere sido apelada, la sentencia por la cual se le conceden los alimentos a base de la filiación o la paternidad probada a satisfacción de la corte sentenciadora.

La corte inferior erró al declarar sin lugar la moción sobre ejecución de sentencia en cuanto a la acción de alimentos. *La resolución recurrida será anulada y el caso devuelto a la corte inferior para ulteriores procedimientos no inconsistentes con esta opinión.*